In the Matter of KAREN BURNS, Respondent, v ELLIOT STERNBERG, Appellant. [963 NYS2d 351]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Queens County (Lubow, J.), dated February 29, 2012, as, upon findings of fact of the same court (Stein, S.M.) dated February 7, 2012, made after a hearing, inter alia, finding that the father willfully violated a

prior order of child support and recommending that he be incarcerated for a period not to exceed six months unless he paid $40,936.24 to the petitioner, confirmed the finding of willfulness and directed that the father be incarcerated for a period of six months unless he paid a $40,000 undertaking, and (2) from an order of commitment of the same court (Lubow, J.), also dated February 29, 2012, which, upon the order confirming a finding of willfulness, committed him to the custody of the New York City Department of Corrections for a term of incarceration of six months unless he paid a $40,000 undertaking.

Ordered that the appeal from so much of the order as directed that the father be incarcerated for a period of six months unless he paid a $40,000 undertaking, and the appeal from the order of commitment are dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see* *Matter of Marra v Hernandez*, 102 AD3d 699 [2013]; *Matter of Rodriguez v Suarez*, 93 AD3d 730 [2012]; *Matter of Fraser v Green*, 57 AD3d 896 [2008]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The father's argument that Family Court Act §§ 437 and 454 (3) (a) are unconstitutional is without merit (*see generally Defiance Milk Prods. Co. v Du Mond*, 309 NY 537, 540-541 [1956]).

The mother established the father's failure to pay child support as ordered, which constituted prima facie evidence of a willful violation of the support order (*see* Family Ct Act §§ 454 [3] [a]; 437; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). The burden of proof, therefore, shifted to the father to present competent, credible evidence of his inability to comply with the order (*see Matter of Powers v Powers*, 86 NY2d at 69). The father, who the Support Magistrate found lacked credibility in his testimony regarding his search for employment, failed to sustain this burden. Although the father asserted that he was unemployed and had no money to pay child support, he did not present competent, credible evidence sufficient to demonstrate that he had actively sought employment and was unable to meet his child support obligation (*see Matter of Logue v Abell*, 97 AD3d 582 [2012]; *Matter of Cooper v Robertson*, 69 AD3d 714 [2010]; *Matter of Vasconcellos v Vasconcellos*, 37 AD3d 613 [2007]). Accordingly, the Family Court properly confirmed the Support Magistrate's finding that the father willfully violated the support order. Skelos, J.P., Angiolillo, Roman and Cohen, JJ., concur.