■ In the Matter of PATRICE SARAGUARD, Respondent, v JEROME SARAGUARD, Appellant. [5 NYS3d 189]—

Appeals from five orders of the Family Court, Suffolk County (Cheryl Joseph-Cherry, S.M.), all dated November 20, 2013. The first order determined, after a hearing, that the father willfully violated the child support and spousal support provisions of a prior order of that court. The second order dismissed the father's petition for a downward modification of his child support obligation. The third order directed the entry of a money judgment in favor of the mother and against the father for child support arrears in the sum of $11,209.39. The fourth order directed the entry of a money judgment in favor of the mother and against the father for spousal support arrears in the sum of $5,350. The fifth order committed the father to the Suffolk County Correctional Facility for a term of six months unless he paid the purge amount of $15,000.

Ordered that the appeal from the order that committed the father to the Suffolk County Correctional Facility for a term of six months unless he paid the purge amount of $15,000, is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Larrier v Williams*, 84 AD3d 805 [2011]; *Matter of Heinz v Faljean*, 57 AD3d 665 [2008]); and it is further,

Ordered that the four remaining orders are affirmed, without costs or disbursements.

The Family Court properly found that the father willfully violated the child support and spousal support provisions of a prior order of that court. Evidence of the father's failure to pay support as ordered constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Rhodes v Nelson*, 113 AD3d 864 [2014]). The burden then shifted to the father to offer competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69; *Matter of Rhodes v Nelson*, 113 AD3d at 864). The father failed to sustain his burden. Moreover, in light of the father's

willful violation of the child support and spousal support provisions of the prior order, the court properly directed the entry of money judgments in favor of the mother and against him for child support arrears in the sum of $11,209.39 and spousal support arrears in the sum of $5,350.

Furthermore, the father's petition for a downward modification of his child support obligation was properly dismissed. To establish entitlement to a downward modification of a child support obligation, a party has the burden of showing that there has been a substantial change in circumstances (*see Matter of Rabasco v Lamar*, 106 AD3d 1095 [2013]; *Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]; *Matter of Getty v Getty*, 83 AD3d 835 [2011]; *Ritchey v Ritchey*, 82 AD3d 948 [2011]; *Matter of Kasun v Peluso*, 82 AD3d 769 [2011]). "In determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order or judgment" (*Matter of Prisco v Buxbaum*, 275 AD2d 461, 461 [2000]; *see Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]; *Klapper v Klapper*, 204 AD2d 518, 519 [1994]). Here, the father failed to establish a substantial change in circumstances.

The father's remaining contention that he was deprived of the effective assistance of counsel is based, in part, on matter dehors the record. Insofar as his claim is capable of our review, the record reveals that the father received meaningful representation (*see Matter of Chamas v Carino*, 119 AD3d 564, 565 [2014]; *Matter of McMinn v Taylor*, 118 AD3d 887 [2014]; *Matter of Phillips v Giddings*, 96 AD3d 950, 951-952 [2012]). Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.