■ In the Matter of NATASHA PRYCE, Respondent, v RICHARD GREENE, Appellant. [5 NYS3d 187]—

Appeal from an order of commitment of the Family Court, Queens County (Stephen J. Bogacz, J.), dated January 9, 2014. The order, insofar as appealed from, confirmed a prior finding that the father had willfully violated a support order and com-

mitted him to the New York City Department of Correction for a period of six months.

Ordered that the appeal from so much of the order of commitment as committed the father to the New York City Department of Correction for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Burns v Sternberg*, 105 AD3d 952, 953 [2013]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The mother established that the father failed to pay child support as ordered, which constituted prima facie proof of a willful violation of the support order (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). The burden of proof then shifted to the father to present competent, credible evidence of his inability to comply with the order (*see Matter of Powers v Powers*, 86 NY2d at 69). The father did not present competent, credible evidence sufficient to demonstrate that he had actively sought employment and was unable to meet his child support obligation (*see Matter of Burns v Sternberg*, 105 AD3d at 953; *Matter of Logue v Abell*, 97 AD3d 582 [2012]; *Matter of Cooper v Robertson*, 69 AD3d 714 [2010]). Accordingly, the Family Court properly confirmed the finding that the father willfully violated the support order. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.