In the Matter of LYNDA MARIE GORSKY, Respondent, v JOHN ALEXANDER KESSLER, Appellant. [19 NYS3d 428]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated July 16, 2014. The order confirmed the finding of a Support Magistrate (Esther R. Furman, S.M.), made after an inquest, that the father willfully violated a prior order of child support, and directed that he be committed to the Westchester County Jail for a period of six months unless he paid the purge amount of $72,180.

Ordered that the order is affirmed, without costs or disbursements.

"[F]ailure to pay support as ordered itself constitutes 'prima facie evidence of a willful violation'" which "shift[s] to [the] respondent the burden of going forward" with "some competent, credible evidence of his [or her] inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995], quoting Family Ct Act § 454 [3] [a]; see *Matter of Saraguard v Saraguard*, 125 AD3d 982 [2015]; *Matter of Pryce v Greene*, 125 AD3d 972, 973 [2015]). Here, at an inquest held

upon the father's failure to appear on the scheduled hearing date, a representative of the Support Collection Unit testified as to the father's arrears, and the father did not present any evidence to the contrary. Accordingly, the mother's prima facie burden was satisfied (*see Matter of Bianco v Bruce-Ross*, 107 AD3d 886, 887 [2013]; *Matter of Gorsky v Kessler*, 79 AD3d 746 [2010]; *Matter of Calvello v Calvello*, 20 AD3d 525, 526 [2005]; *Matter of Powers v Horner*, 12 AD3d 609 [2004]; *Matter of Sapp v Taylor*, 298 AD2d 590, 591 [2002]). In response, the father, who failed to produce required financial disclosure and did not appear at the inquest, offered no competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 70; *Matter of Saraguard v Saraguard*, 125 AD3d at 982; *Matter of McMinn v Taylor*, 118 AD3d 887, 888 [2014]; *Matter of Calvello v Calvello*, 20 AD3d at 526).

Furthermore, the father's post-inquest notification to the Family Court that he had filed a bankruptcy petition did not rebut the mother's prima facie showing, made at the inquest at which he did not appear, that his violation of the prior order of child support was willful. While a bankruptcy petition does create an automatic stay as to certain types of proceedings (*see* 11 USC § 362 [a]), 11 USC § 362 specifically excludes from the automatic stay proceedings for "the collection of a domestic support obligation from property that is not property of the [bankruptcy] estate" (11 USC § 362 [b] [2] [B]; *see Bloch v Bloch*, 2010 WL 3824125, \*2, 2010 US Dist LEXIS 99891, \*5 [ED NY, Sept. 23, 2010, No. 09-CV-3963(RRM)]; *In re Johnston*, 321 BR 262, 274 [Bankr D Ariz 2005]; *In re Bezoza*, 271 BR 46, 51 [Bankr SD NY 2002]; *see also In re Moon*, 211 BR 483, 485 [Bankr SD NY 1997]). Here, the father failed to sustain his burden of establishing that he was unable to make the required payments from property that was not part of the bankruptcy estate (*see Matter of Powers v Powers*, 86 NY2d at 69-70). Furthermore, domestic support obligations are not dischargeable in bankruptcy (*see* 11 USC § 523 [a] [5]; *In re Cole*, 202 BR 356, 358 [Bankr SD NY 1996]). Accordingly, the Family Court properly confirmed the Support Magistrate's finding of willfulness and set a purge amount.

The Family Court was within its discretion to direct that the father be committed to jail for a term not to exceed six months upon finding that the father willfully violated the prior order of child support (*see* Family Ct Act § 454 [3] [a]; *Matter of Gorsky v Kessler*, 79 AD3d at 746; *Matter of Armstrong v Belrose*, 9 AD3d 625, 627 [2004]; *Matter of Commissioner of Social Servs.*

*v Rosen*, 289 AD2d 487, 489 [2001]). Here, there is no basis to disturb the Family Court's determination.

The purge amount of $72,180 was appropriate with respect to the father's total arrears (*see Matter of Powers v Horner*, 12 AD3d at 609-610; *Matter of Cattell v Cattell*, 254 AD2d 357 [1998]).

The father's remaining contentions are without merit. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.