■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of VERNALL BURROUGHS, Respondent, v ANTHONY RUSSELL, Appellant. [27 NYS3d 249]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered March 26, 2015. The order confirmed the finding of a Support Magistrate (Carol Ann Jordan, S.M.), made after a hearing, that the father willfully violated a prior order of child support.

Ordered that the order is affirmed, without costs or disbursements.

In January 2014, the Westchester County Department of Social Services (hereinafter DSS) commenced this proceeding on behalf of the mother alleging that the father was in violation of an order of support issued in 2012 directing him to pay $75 per week to support his three children. Following a hearing in August 2014, the Support Magistrate found the father to be in willful violation of the order of support, established arrears of $3,225, recommended a period of incarceration, and referred the proceeding to the Family Court for confirmation. After the father paid the arrears, the Family Court confirmed the Support Magistrate's finding that the father willfully violated the order of support.

DSS established that the father failed to pay child support as ordered, which constituted prima facie proof of a willful violation of the order of support (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Gorsky v Kessler*, 133 AD3d 854, 855 [2015]; *Matter of Pryce v Greene*, 125 AD3d 972, 973 [2015]). The burden then shifted to the father to offer competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69; *Matter of Tolkinen v Siewert*, 130 AD3d 837 [2015]; *Matter of Saraguard v Saraguard*, 125 AD3d 982 [2015]). The father failed to sustain his burden. Accordingly,

the Family Court properly confirmed the finding that the father willfully violated the order of support.

Contrary to the father's contention, the Support Magistrate's findings of fact complied with CPLR 4213 (b) (*see Matter of Jose L.I.*, 46 NY2d 1024, 1025 [1979]; *Matter of Skinner v State of New York*, 108 AD3d 1134 [2013]). Moreover, the Family Court was not required to hold another hearing prior to confirming the Support Magistrate's finding that the father willfully violated the order of support (*see* Uniform Rules for Fam Ct [22 NYCRR] § 205.43 [i]; *Matter of Svoboda v Svoboda*, 289 AD2d 411 [2001]; *see also Matter of Washington County Dept. of Social Servs. v Costello*, 111 AD3d 1104 [2013]). Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.

Motion by the appellant on an appeal from an order of the Family Court, Westchester County, entered March 26, 2015, to strike the respondent's brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated January 25, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is

Ordered that the motion is granted to the extent that the following portions of the respondent's brief are deemed stricken and have not been considered on the appeal: (1) the first full sentence on page two beginning with the words "Notably, the only two" and ending with the words "recommended incarceration"; (2) the last full paragraph on page nine beginning with the words "From this" and ending with the words "the Family Court's Order"; and (3) the last sentence on page 12 beginning with the words "It should be noted" and ending on page 13 with the words "Order of the Family Court," and the motion is otherwise denied. Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.