■ In the Matter of RIVKAH FRANKEL, Respondent, v JACOV BERLAND, Appellant. [38 NYS3d 914]—Appeals by the father from (1) an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), dated September 12, 2014, (2) an order of that court dated September 25, 2014, and (3) stated portions of an order of that court dated April 7, 2015. The order dated September 12, 2014, inter alia, declined to consider the father's objection to so much of an order of that court (Catherine M. Miklitsch, S.M.) entered April 14, 2014, made after a hearing, as directed him to continue paying spousal support and denied the father's objections to so much of the order entered April 14, 2014, as determined that he willfully violated an order of support dated July 22, 2012, entered upon his default. The order dated September 25, 2014, inter alia, confirmed the Support Magistrate's determination that the father willfully violated the order of support. The order dated April 7, 2015, inter alia, upon reargument, adhered to the determinations made in the orders dated September 12, 2014, and September 25, 2014.

Ordered that the appeals from the orders dated September 12, 2014, and September 25, 2014, are dismissed, as they were superseded by the order dated April 7, 2015, made upon reargument; and it is further,

Ordered that the order dated April 7, 2015, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the order dated September 12, 2014, as

declined to consider the father's objection to so much of the order entered April 14, 2014, as directed him to continue paying spousal support, and substituting therefor a provision, upon reargument, vacating that portion of the order dated September 12, 2014; as so modified, the order dated April 7, 2015, is affirmed insofar as appealed from, and the matter is remitted to the Family Court, Rockland County, for a determination of that objection on the merits; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

In May 2012 the mother filed a support petition. After the father failed to appear, and after the court proceeded to inquest, an order of support was entered upon the father's default, which directed him to pay child and spousal support. The mother subsequently filed a violation petition and, after a hearing, the Support Magistrate found that the father was in willful violation of his obligation to pay support and the Family Court confirmed that finding.

Contrary to the father's contention, the Family Court properly confirmed the finding by the Support Magistrate that he willfully violated the child and spousal support provisions of the prior order of support. At the hearing on the violation petition, the mother met her prima facie burden of demonstrating that the father violated the order of support, and the father failed to offer competent, credible evidence of his inability to pay (see Matter of Saraguard v Saraguard, 125 AD3d 982 [2015]).

However, the Family Court erred in declining to consider the father's objection to so much of the order entered April 14, 2014, as directed him to continue paying spousal support. Contrary to the Family Court's conclusion that the order entered April 14, 2014, did not address the issue of continued spousal support, that order did include a provision directing the father to continue paying spousal support. Therefore, the Family Court should have considered the merits of the father's objection, and we remit the matter to the Family Court, Rockland County, for a determination of that objection on the merits.

The father's remaining contentions are without merit. Leventhal, J.P., Austin, Maltese and Barros, JJ., concur.