■ In the Matter of DAMION R. BARRETT, Appellant, v ALESHIA MAXWELL BARRETT, Respondent. (Appeal Nos. 1 and 2.) In the

Matter of ALESHIA MAXWELL BARRETT, Respondent, v DAMION R. BARRETT, Appellant. (Appeal No. 3.) [919 NYS2d 66]—

The Family Court properly determined that the appellant, who was required to submit specific written objections to the order of the Support Magistrate entered September 30, 2009, within 35 days after that order was mailed to him (*see* Family Ct Act § 439 [e]), failed to timely submit his written objections to that order (*see Matter of Herman v Herman*, 11 AD3d 536 [2004]). Under these circumstances, the Family Court properly denied the appellant's objections to the Support Magistrate's order entered September 30, 2009.

The Family Court also properly confirmed the Support Magistrate's determination that the appellant willfully failed to obey the support order (*see* Family Ct Act § 439 [a]). The appellant's failure to pay support constituted prima facie evidence of a willful violation of that order (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). This prima

facie showing shifted the burden to the appellant to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the support order was not willful (*see Matter of Powers v Powers*, 86 NY2d at 69-70). The appellant failed to satisfy his burden (*see Matter of Falk v Owen*, 29 AD3d 991, 991-992 [2006]).

The appellant's remaining contentions are without merit. Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.