■ In the Matter of DENISE GUMBS, Respondent, v PERRY GUMBS, Appellant. [944 NYS2d 899]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of disposition of the Family Court, Orange County (Klein, J.), entered September 7,

2011, which, after a hearing, found that he willfully violated a prior order of support of the same court dated February 29, 2008, and committed him to the Orange County Jail for a term of imprisonment of 30 days, to be suspended as long as he made the weekly payments required by the support order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court properly determined that he willfully violated the order of support. The mother, through the testimony of the Senior Support Investigator from the Orange County Department of Social Services Support Collection Unit, demonstrated that the father had failed to pay child support as ordered. This constituted prima facie evidence of the father's willful violation of the order of support (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Barrett v Barrett*, 82 AD3d 974, 975 [2011]). The father, although testifying that he was unable to work because he suffered from post-traumatic stress disorder, failed to offer competent, credible evidence of his inability to pay and, thus, failed to rebut the prima facie evidence of willfulness (*see Matter of Maldonado v Maldonado*, 74 AD3d 971 [2010]; *Matter of Greene-Tyus v Tyus*, 61 AD3d 758 [2009]; *Matter of Fraser v Green*, 57 AD3d 896 [2008]). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.