Although the period of the father’s incarceration has expired, the appeal from so much of the order of disposition as confirmed the finding that he willfully violated an order of child support is not academic in light of the enduring consequences which may potentially flow from an adjudication that a party has been found to have violated an order of the Family Court (see Matter of Smith v Jeffers, 110 AD3d 904 [2013]).
*865 The Family Court did not err in finding that the father had willfully violated an order of child support. Evidence of the father’s failure to pay child support as ordered constituted prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]). The burden then shifted to the father to offer competent, credible evidence of his inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69). The father, who the Support Magistrate found lacked credibility in his testimony regarding his search for employment, failed to sustain this burden. Although the father asserted that he was unemployed and had no money to pay child support, he did not present competent, credible evidence that he had actively sought employment sufficient to rebut the mother’s prima facie showing (see Matter of Logue v Abell, 97 AD3d 582, 583 [2012]; Matter of Cooper v Robertson, 69 AD3d 714, 714 [2010]; Matter of Teller v Tubbs, 34 AD3d 593, 594 [2006]).
The father’s remaining contentions are without merit. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.