In related child support proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Eisman, J.), dated August 1, 2012, which, in effect, confirmed an order of the same court (Bannon, S.M.), dated May 29, 2012, made after a hearing, determining that she wilfully violated the support provisions of a judgment of divorce of the same court dated January 19, 2011, and, in effect, dismissed her petition for downward modification of her child support obligation.
Ordered that the order is affirmed, without costs or disbursements.
The Family Court did not err in finding that the mother had wilfully violated the child support provisions of the parties’ judgment divorce. Evidence of the mother’s failure to pay child support as ordered constituted prima facie evidence of a wilful violation (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Rhodes v Nelson, 113 AD3d 864 [2014]). The burden then shifted to the mother to of *962 fer competent, credible evidence of her inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Rhodes v Nelson, 113 AD3d at 864). The mother failed to sustain this burden. Although the mother asserted that she was unemployed and had no money to pay child support, she did not present competent, credible evidence that she had actively sought employment sufficient to rebut the father’s prima facie showing (see Matter of Logue v Abell, 97 AD3d 582, 583 [2012]; Matter of Cooper v Robertson, 69 AD3d 714, 714 [2010]; Matter of Teller v Tubbs, 34 AD3d 593, 594 [2006]).
A party seeking to modify a child support award has the burden of establishing the existence of a substantial change in circumstances, measured by comparing the payor’s financial situation at the time of the application for downward modification with the payor’s financial situation when the award that the payor seeks to modify was made (see Matter of Dinhofer v Zabezhanskaya, 79 AD3d 1039, 1040 [2010]; Matter of Mandelowitz v Bodden, 68 AD3d 871, 874 [2009]; Matter of Talty v Talty, 42 AD3d 546, 547 [2007]; Klapper v Klapper, 204 AD2d 518 [1994]). The mother failed to meet her burden of establishing a substantial change of circumstances since the time the original award was made. Dickerson, J.E, Hall, Roman and Cohen, JJ., concur.