■ In the Matter of SAMORA MCMINN, Respondent, v IVAN TAYLOR, Appellant. [988 NYS2d 247]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Kings County (Kusakabe, J.), dated August 29, 2013, which, upon an order of the same court (Palos, S.M.) dated June 21, 2013, made after a hearing, finding that his violation of his child support obligations was willful, in effect, confirmed the finding of willfulness and committed him to the New York City Department of Correction for a period of six months, with the opportunity to purge his contempt by paying the sum of $5,000 for child support.

Ordered that the appeal from so much of the order of commitment as committed the father to the New York City Department of Correction for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Rodriguez v Suarez,* 93 AD3d 730 [2012]); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The Family Court correctly, in effect, confirmed the Support Magistrate's determinations. Evidence of the father's failure to pay child support as ordered constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]; *Matter of Grucci v Villanti,* 108 AD3d 626, 627 [2013]; *Matter of Logue v Abell,* 97 AD3d 582, 583 [2012]). The burden then shifted to the father to offer competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers,* 86 NY2d at 69). The father, who the Support Magistrate found lacked credibility in his testimony regarding his search for employment, failed to sustain this burden. Although the father asserted that he was unemployed and had no money to pay child support, he did not present competent, credible evidence that he had actively sought employment sufficient to rebut the mother's prima facie showing (*see Matter of Logue v Abell,* 97 AD3d at 583; *Matter of Cooper v Robertson,* 69 AD3d 714, 714 [2010]).

The father's claim that he was deprived of the effective assistance of counsel is without merit. Contrary to the father's contention, the record does not reveal that he received less than meaningful representation (*see Matter of Phillips v Giddings,* 96 AD3d 950, 951-952 [2012]; *Matter of Rodriguez v Suarez,* 93 AD3d at 730; *Matter of Larrier v Williams,* 84 AD3d 805, 806 [2011]; *Matter of Wright v Lyons,* 288 AD2d 481, 482 [2001]).

The father's remaining contentions either are not properly before this Court or have been rendered academic. Dickerson, J.P., Leventhal, Hall and Miller, JJ., concur.