■ In the Matter of ELIZABETH SCHELL, Respondent, v JOHN A. McSPEDON, Appellant. [987 NYS2d 893]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Greenwald, J.), dated June 27, 2013, which denied his objections to an order of the same court (Hochberg, S.M.), dated April 5, 2013, which, after a hearing, inter alia, found that he willfully violated a prior order of child support and directed that a money judgment be entered in favor of the mother and against him.

Ordered that the order dated June 27, 2013, is affirmed, without costs or disbursements.

The Family Court correctly denied the father's objections to the Support Magistrate's determinations. Evidence of the father's failure to pay child support as ordered constituted prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Signorile v Kaminski, 116 AD3d 961 [2014]). The burden then shifted to the father to offer competent, credible evidence of his inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Signorile v Kaminski, 116 AD3d 961 [2014]). The father failed to sustain this burden. Although he asserted that he was unemployed and had no money to pay child support, he did not present competent, credible evidence that he had actively sought employment sufficient to rebut the mother's prima facie showing (see Matter of Signorile v Kaminski, 116 AD3d 961 [2014]; Matter of Logue v Abell, 97 AD3d 582, 583 [2012]; Matter of Cooper v Robertson, 69 AD3d 714 [2010]; cf. Matter of Brennan v Burger, 63 AD3d 922, 923 [2009]).

The father's remaining contentions are without merit. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.