■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of DEANNA THORPE, Respondent, v CHARLES COLEGROVE, Appellant. [996 NYS2d 706]—

Appeal from an order of disposition of the Family Court, Orange County (Debra J. Kiedaisch, J.), entered August 7, 2013. The order, after a hearing, determined that the father willfully violated a prior order of child support and directed that he be committed to the Orange County Jail for a period of six months unless he paid arrears in the sum of $71,316.12, plus such additional arrears as might have accrued through the date of payment.

Ordered that the appeal from so much of the order of disposition as directed that the father be committed to the Orange County Jail for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Rhodes v Nelson*, 113 AD3d 864 [2014]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Although the period of the father's incarceration has expired, the appeal from so much of the order of disposition as determined that he willfully violated an order of child support is not academic in light of the enduring consequences which may potentially flow from an adjudication that a party has been found to have violated an order of the Family Court (*see Matter of Rhodes v Nelson*, 113 AD3d 864 [2014]).

The father contends that he was deprived of the effective assistance of counsel at a hearing to determine whether he willfully violated an order of child support. Contrary to the father's contention, viewed in totality, the record reveals that he received

meaningful representation (*see Matter of McMinn v Taylor*, 118 AD3d 887, 888 [2014]; *Matter of Bianco v Bruce-Ross*, 107 AD3d 886, 887 [2013]; *Matter of Larrier v Williams*, 84 AD3d 805, 806 [2011]). Leventhal, J.P., Hall, Austin and Roman, JJ., concur.