■ In the Matter of LINDA HICKS, Respondent, v JOHN HICKS, Appellant. [7 NYS3d 173]—

Appeals from (1) an order of fact-finding and disposition of the Family Court, Dutchess County (Steven Kaufman, S.M.), dated February 26, 2014, (2) an order of commitment of that court (Joseph A. Egitto, J.), also dated February 26, 2014, and (3) an order of that court (Steven Kaufman, S.M.), also dated February 26, 2014. The order of fact-finding and disposition, insofar as appealed from, after a hearing, found that the father willfully violated a prior order directing him to pay child support and directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $6,800. The order of commitment, insofar as appealed from, confirmed

the finding that the father willfully violated a prior order directing him to pay child support and committed the father to the Dutchess County Jail for a period of six months. The order dated February 26, 2014, directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $6,800.

Ordered that the appeal from the order of fact-finding and disposition is dismissed, without costs or disbursements, as the portions of the order of fact-finding and disposition appealed from were superseded by the order of commitment and the order dated February 26, 2014; and it is further,

Ordered that the appeal from so much of the order of commitment as committed the father to the Dutchess County Jail for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Rhodes v Nelson*, 113 AD3d 864 [2014]); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated February 26, 2014, is affirmed, without costs or disbursements.

Although the period of the father's incarceration has expired, the appeal from so much of the order of commitment as confirmed the finding that the father willfully violated a prior order directing him to pay child support is not academic, in light of the enduring consequences which may potentially flow from an adjudication that a party has been found to have violated an order of the Family Court (*see Matter of Rhodes v Nelson*, 113 AD3d 864 [2014]).

Contrary to the father's contention, the Family Court properly determined that he willfully violated a prior order directing him to pay child support. The proof of the father's failure to pay child support as ordered constituted prima facie evidence of a willful violation of that order (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Gillison v Gillison*, 122 AD3d 926, 927 [2014]; *Matter of McMinn v Taylor*, 118 AD3d 887, 888 [2014]). The burden then shifted to the father to offer competent, credible evidence of his inability to make the required support payments (*see Matter of Powers v Powers*, 86 NY2d at 69). The father, who the Support Magistrate found lacked credibility in testifying regarding his income and expenses, did not sustain his burden (*see Matter of Mongelluzzo v Sondgeroth*, 95 AD3d 1332, 1333 [2012]), and we discern no basis upon which to disturb the hearing court's determination in this regard (*see Matter of*

*Oshodi v Olouwo,* 94 AD3d 896, 896-897 [2012]; *Matter of Sena v Sena,* 65 AD3d 1244, 1244-1245 [2009]). Furthermore, the Support Magistrate properly directed the entry of a money judgment in favor of the mother and against the father upon finding that the father willfully violated the prior order directing him to pay child support (*see* Family Ct Act § 460 [1] [a], [e]; [3]).

Contrary to the father's contention, the record, viewed in totality, reveals that he received meaningful representation at the hearing to determine whether he willfully violated the prior order directing him to pay child support (*see Matter of Commissioner of Social Servs. v Colegrove,* 122 AD3d 844 [2014]; *Matter of McMinn v Taylor,* 118 AD3d 887 [2014]; *Matter of Bianco v Bruce-Ross,* 107 AD3d 886 [2013]). Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.