■ In the Matter of CHRISTINE T. GIRASEK-BRICK, Respondent, v JOHN J. GIRASEK, Appellant. [6 NYS3d 614]—

Appeal from an order of the Family Court, Westchester County (David Klein, J.), entered January 22, 2014. The order confirmed the finding of a Support Magistrate, made after a hearing, that the father willfully violated a prior order of child support, and directed that he be incarcerated for a period of 90 days, with the opportunity to purge his contempt by paying the sum of $2,360 for child support.

Ordered that the appeal from so much of the order as directed that the father be incarcerated for a period of 90 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Rodriguez v Suarez*, 93 AD3d 730 [2012]); and it is further,

Ordered that the order entered January 22, 2014, is affirmed insofar as reviewed, without costs or disbursements.

The Family Court properly confirmed a Support Magistrate's finding that the father willfully violated a prior order of child support. Evidence of the father's failure to pay child support as ordered constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Grucci v Villanti*, 108 AD3d 626, 627 [2013]; *Matter of Logue v Abell*, 97 AD3d 582, 583 [2012]). The burden then shifted to the father to offer competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69). The father failed to sustain this burden. Although the father testified that he was unemployed and had no money to pay child support, he did not present evidence that he had made a reasonable and diligent effort to secure employment so as to sufficiently rebut the mother's prima facie showing (*see Matter of McMinn v Taylor*, 118 AD3d 887, 888 [2014]; *Matter of Logue v Abell*, 97 AD3d at 583; *Matter of Cooper v Robertson*, 69 AD3d 714, 714 [2010]). Accordingly, the Support Magistrate correctly determined that the father "did not offer competent, credible evidence of his inability to make his child support payments."

The father's remaining contention is not properly before this Court. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.