■ In the Matter of RACHEL GILLISON, Respondent, v RICKY GILLISON, Appellant. [7 NYS3d 502]—

Appeal from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated April 24, 2014. The order confirmed the finding of a Support Magistrate (Rosa Cabanillas-Thompson, S.M.), made after a hearing, that the father willfully violated a prior order of child support, and directed that he be committed to the Westchester County Jail

for a period of three months unless he paid the purge amount of $5,000.

Ordered that the appeal from so much of the order as directed that the father be incarcerated for a period of three months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Rodriguez v Suarez*, 93 AD3d 730 [2012]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The Family Court properly confirmed the Support Magistrate's finding that the father willfully violated a prior order of child support. Evidence of the father's failure to pay child support as ordered constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of McMinn v Taylor*, 118 AD3d 887, 888 [2014]). The burden then shifted to the father to offer competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69). The father, whom the Support Magistrate found lacked credibility in his testimony regarding his search for employment, failed to sustain this burden. The father claimed that he was unemployed and impecunious, but he failed to present competent, credible evidence that he had actively sought employment sufficient to rebut the mother's prima facie showing (*see Matter of McMinn v Taylor*, 118 AD3d at 888; *Matter of Rhodes v Nelson*, 113 AD3d 864, 865 [2014]; *Matter of Logue v Abell*, 97 AD3d 582, 583 [2012]; *Matter of Vasconcellos v Vasconcellos*, 37 AD3d 613 [2007]).

The father's remaining contentions, including his contention that the Family Court erred in dismissing his petition for a downward modification of his child support obligation, are not properly before this Court (*see Matter of Greene-Tyus v Tyus*, 61 AD3d 758 [2009]). Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.