In the Matter of TONYA HENRY, Respondent, v OLVIN GREENIDGE, Appellant. [7 NYS3d 575]—

Appeal from an order of the Family Court, Kings County (Amanda E. White, J.), dated January 10, 2014. The order denied the father's objections to an order of that court (Israella Mayeri, S.M.) dated August 14, 2013, which, after a hearing, determined that he was in willful violation of a prior order of support.

Ordered that the order dated January 10, 2014, is affirmed, without costs or disbursements.

"A determination by a support magistrate that a person is in willful violation of a support order and recommending commitment has no force and effect until confirmed by a Judge of the Family Court. Such a determination by a support magistrate does not constitute a final order to which a party may file writ-

ten objections" (*Matter of Flanagan v Flanagan*, 109 AD3d 470, 471 [2013], quoting *Matter of Dakin v Dakin*, 75 AD3d 639, 639-640 [2010]; *see* Family Ct Act § 439 [a], [e]).

In an order dated August 14, 2013, a Support Magistrate determined that the father was in willful violation of a prior support order. In an order dated September 13, 2013, the Family Court, in effect, confirmed the determination of willfulness and thereupon issued an order of commitment, which committed the father to the custody of the New York City Department of Correction for a period of six months, weekends only.

The father's contentions regarding the willfulness finding and the setting of arrears are not properly before us on this appeal, because, with respect to those issues, the father failed to pursue his sole remedy, which was to appeal from the order of commitment dated September 13, 2013, entered upon confirmation of the Support Magistrate's determination (*see Matter of Flanagan v Flanagan*, 109 AD3d at 471; *Matter of Dakin v Dakin*, 75 AD3d at 640; *Matter of Roth v Bowman*, 245 AD2d 521, 522 [1997]; Family Ct Act § 1112). Since the father improperly filed written objections to the nonfinal order of the Support Magistrate, the Family Court correctly denied the father's objections on procedural grounds (*see Matter of Flanagan v Flanagan*, 109 AD3d at 471; *Matter of Martin v Cooper*, 96 AD3d 849, 849-850 [2012]; *Matter of Ceballos v Castillo*, 85 AD3d 1161, 1163 [2011]; *Matter of Dakin v Dakin*, 75 AD3d at 640).

The father's contentions regarding the denial of his petition for a downward modification of child support are not properly before this Court, inasmuch as he did not file objections to the Support Magistrate's order denying his petition. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.