■ In the Matter of JAMIE TORDELLA-DIPALMA, Respondent, v MARK DIPALMA, Appellant. [8 NYS3d 437]—

Appeal from an order of commitment of the Family Court, Kings County (Anthony Cannataro, J.), dated July 12, 2013. The order of commitment confirmed findings of fact of that court (Nicholas J. Palos, S.M.), also dated July 12, 2013, made after a hearing, finding that Mark DiPalma had willfully violated a support order, and committed him to the custody of the New York City Department of Correction for a period of six months.

Ordered that the appeal from so much of the order of commitment as committed the appellant to the custody of the New York City Department of Correction for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Rodriguez v Suarez*, 93 AD3d 730 [2012]); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

In the parties' judgment of divorce, the appellant was directed to pay the petitioner the sum of $1,500 per month in maintenance, retroactive to the date of the commencement of the action for a divorce. The appellant never paid any maintenance to the petitioner, but instead appealed from the judg-

ment of divorce. While that appeal was pending, the petitioner commenced the instant proceeding, inter alia, to hold the appellant in willful violation of the maintenance provisions of the judgment of divorce, and the matter was heard by a Support Magistrate, who was also asked to determine the amount of arrears owed by the appellant to the petitioner. After a hearing on the petition to hold the appellant in willful violation of the judgment, the Support Magistrate found that the appellant's failure to comply with the judgment was willful, and recommended that he be incarcerated until he paid a sum necessary to purge his violation. The Support Magistrate also fixed the amount of maintenance arrears. The petitioner moved to confirm the finding of a willful violation, and the appellant objected to the determination made in connection with the arrears. The Family Court confirmed the Support Magistrate's finding that the appellant willfully violated the maintenance provisions of the judgment of divorce, directed that he be committed to the custody of the New York City Department of Correction until he paid the sum necessary to purge his violation, and granted the appellant's objections to the extent that the matter was remitted to the Support Magistrate for a recalculation of the retroactive arrears that were due to the petitioner. Thereafter, on the appeal from the judgment of divorce, this Court modified the judgment of divorce by deleting the provision awarding the petitioner a separate property credit for the downpayment on the marital home, but affirmed the award of maintenance to her in the sum of $1,500 per month, retroactive to the date of commencement of the divorce action (*see DiPalma v DiPalma*, 112 AD3d 663 [2013]).

The Family Court properly confirmed the Support Magistrate's finding that the appellant willfully violated the provisions of the judgment of divorce obligating him to pay maintenance to the petitioner. Evidence of the appellant's failure to pay maintenance as directed constituted prima facie evidence of a willful violation (*see generally* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Grucci v Villanti*, 108 AD3d 626, 627 [2013]; *Matter of Logue v Abell*, 97 AD3d 582, 583 [2012]). The burden then shifted to the appellant to offer competent credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69). The appellant failed to sustain his burden, as he did not present evidence sufficient to rebut the petitioner's prima facie showing (*see Matter of McMinn v Taylor*, 118 AD3d 887, 888 [2014]; *Matter of Logue v Abell*, 97 AD3d at 583; *Matter of Cooper v Robertson*, 69 AD3d 714, 714 [2010]). Accordingly, the Support Magistrate properly concluded that

the appellant did not offer competent, credible evidence of his inability to make his maintenance payments (*see Matter of Girasek-Brick v Girasek*, 127 AD3d 861 [2d Dept 2015]).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.