# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1089**
**CAF 14-01710**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF GREGG A. HEFFNER, LCSW-R,
COMMISSIONER OF SOCIAL SERVICES, ON BEHALF OF
SHERRI L. CLARK, PETITIONER-RESPONDENT,

                 V                         MEMORANDUM AND ORDER

JOSEPH M. JASKOWIAK, JR., RESPONDENT-APPELLANT.

---

LISA DIPOALA HABER, SYRACUSE, FOR RESPONDENT-APPELLANT.

NELSON LAW FIRM, MEXICO (LESLEY C. SCHMIDT OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Oswego County (Donald E. Todd, A.J.), entered August 21, 2014 in a proceeding pursuant to Family Court Act article 4. The order, among other things, confirmed the determination of the Support Magistrate that respondent had willfully failed to obey an order of the court.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the sentence of probation and as modified the order is affirmed without costs.

Memorandum: Respondent father appeals from an order confirming the determination of the Support Magistrate that he willfully violated an order of child support, and imposing a sentence of three months in jail and three years' probation. We reject the father's contention that he was deprived of effective assistance of counsel. That contention is "impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on his behalf" (*Matter of Devonte M.T. [Leroy T.]*, 79 AD3d 1818, 1819). The record, viewed in its totality, establishes that the father received meaningful representation (*see Matter of Hicks v Hicks*, 126 AD3d 975, 977).

Although the father does not challenge the legality of his sentence, we note that the sentence imposed is illegal. Family Court Act § 454 (3) "explicitly allows the court a choice of probation or jail" upon a finding of a willful violation of a support order (*Matter of Powers v Powers*, 86 NY2d 63, 71), but it does not authorize both probation and a jail term. This Court has inherent authority to correct an illegal sentence (*see People v Perrin*, 94 AD3d 1551, 1551; *see also People v Samms*, 95 NY2d 52, 56), and we may consider the legality of the sentence despite the father's failure to raise the

issue in Family Court "because it involves a court's 'essential' authority to incarcerate, as legally prescribed" (*Matter of Walker v Walker*, 86 NY2d 624, 627).  Here, the record establishes that the father has completed his three-month jail term, and we thus conclude that the additional sentence of probation must be vacated (*see generally People v DiSalvo*, 130 AD3d 841, 841).  We therefore modify the order accordingly.

Entered:  October 9, 2015                        Frances E. Cafarell
                                                 Clerk of the Court