■ In the Matter of Victoria J. Fusco, Respondent, v Anthony S. Fusco, Appellant. [22 NYS3d 559]—

Appeal from an order of the Family Court, Putnam County (Denise M. Watson, J.), dated March 12, 2014. The order confirmed the finding of a Support Magistrate (Rachelle C. Kaufman, S.M.), made after a hearing, that the father willfully violated a prior order of child support and directed that he be

committed to the Putnam County Jail for a period of six months unless he paid arrears in the principal sum of $15,972.

Ordered that the appeal from so much of the order as directed that the father be incarcerated for a period of six months is dismissed as academic, as the period of incarceration has expired (*see Matter of Gillison v Gillison*, 127 AD3d 1082 [2015]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the mother.

The mother commenced this proceeding against the father pursuant to Family Court Act article 4 seeking child support. By order dated October 18, 2013, a Support Magistrate found, after a hearing, that the father willfully violated a prior order dated July 5, 2012, directing him to pay child support for the parties' three minor children. By order dated March 12, 2014, the Family Court confirmed the finding of the Support Magistrate, and the father appeals from that order.

The mother met her prima facie burden of demonstrating that the father willfully violated the order of child support dated July 5, 2012, with evidence of his failure to pay child support (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Tolkinen v Siewert*, 130 AD3d 837 [2015]). The burden then shifted to the father to offer competent, credible evidence of his inability to pay (*see* Family Ct Act § 455 [5]; *Matter of Powers v Powers*, 86 NY2d at 69; *Matter of Tordella-DiPalma v DiPalma*, 128 AD3d 709 [2015]; *Matter of Gillison v Gillison*, 122 AD3d 926 [2014]; *Matter of Vasquez v Powell*, 111 AD3d 754 [2013]; *Matter of Barrett v Barrett*, 82 AD3d 974 [2011]). The father failed to meet that burden. The father submitted evidence showing a de minimis job search, which failed to demonstrate that he actively sought employment to replace or supplement any lost income (*see Matter of Girasek-Brick v Girasek*, 127 AD3d 861 [2015]; *Matter of McMinn v Taylor*, 118 AD3d 887 [2014]; *Matter of Vasquez v Powell*, 111 AD3d 754 [2013]; *Matter of Kainth v Kainth*, 36 AD3d 915 [2007]). Moreover, the father's testimony indicated that he prioritized his business debts over his child support obligations, and he submitted no credible evidence explaining his alleged need to place business expenses ahead of child support payments. Thus, the father did not satisfy his burden of going forward on the issue of financial inability (*see Matter of Powers v Powers*, 86 NY2d at 70; *Matter of Huard v Lugo*, 81 AD3d 1265, 1267 [2011]; *Matter of Department of Social Servs. of Fulton County v Hillock*, 96 AD2d 625 [1983]).

Contrary to the father's contention, the Family Court's determination not to adjourn the hearing was a provident exercise of its discretion and did not deprive him of his right to counsel (*see Matter of McMinn v Taylor*, 118 AD3d 887 [2014]; *Matter of Larrier v Williams*, 84 AD3d 805 [2011]; *cf. Matter of Scott v Scott*, 62 AD3d 714 [2009]; *Matter of Sullivan v Sullivan*, 24 AD3d 455, 456 [2005]). Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.