■ In the Matter of SANDRA PACE, Respondent, v KIRK A. DOUGLAS, Appellant. [35 NYS3d 241]—

Appeal from an order of commitment of the Family Court, Nassau County (Anna Anzalone, J.), dated March 9, 2015. The order, in effect, confirmed an order of that court (Adam E. Small, S.M.), dated February 3, 2015, made after a hearing, finding that the father willfully violated a child support order, and committed him to the custody of the Nassau County Correctional Facility for a period of 31 days, to be served on weekends, unless he paid a purge amount of $6,000.

Ordered that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 31 days, to be served on weekends, is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Lecei v Lecei, 112 AD3d 629, 629 [2013]); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The mother commenced this proceeding alleging that the father was in willful violation of a child support order dated August 26, 2010. After a hearing at which both the mother and father testified, the Support Magistrate issued an order finding that the father had willfully violated the order of support and recommending commitment. The father filed objections to the Support Magistrate's order. On March 9, 2015, the Family Court issued an order of commitment, in effect, confirming the Support Magistrate's finding of willfulness, and committing father to the custody of the Nassau County Correctional Facility for a period of 31 days, to be served on weekends, unless he paid a purge amount of $6,000. Several months later, the court issued an order in which it held that the father's objections were improperly filed, and denied them.

Because the father has completed his period of commitment, his appeal from so much of the order of commitment as committed him to the custody of the Nassau County Correctional Facility has been rendered academic (see Matter of Dezil v Garlick, 136 AD3d 904, 905 [2016]). However, the father's appeal from so much of the order of commitment as, in effect, confirmed the finding that he was in willful violation of the support order is not academic because there are enduring consequences which might flow from that finding (see Matter of

*Bickwid v Deutsch*, 87 NY2d 862, 863 [1995]; *Matter of Dezil v Garlick*, 136 AD3d at 905).

The father first contends that the Family Court improperly confirmed the Support Magistrate's finding of willfulness before it decided his objections to the Support Magistrate's order. As the Family Court correctly noted, however, a determination by a Support Magistrate that a person is in willful violation of a support order and recommending commitment has "no force and effect until confirmed by a judge of the court" (Family Ct Act § 439 [a]; *see Matter of Henry v Greenidge*, 127 AD3d 1192, 1192-1193 [2015]; *cf.* Family Ct Act § 439 [e]). Thus, the Support Magistrate's determination is not a "final order" to which a party may file written objections (Family Ct Act § 439 [e]; *see Matter of Henry v Greenidge*, 127 AD3d at 1192-1193). Accordingly, the Family Court did not err in, in effect, confirming the Support Magistrate's determination in the order of commitment before it decided the father's objections. The father's sole remedy was to appeal from the order of commitment (*see Matter of Henry v Greenidge*, 127 AD3d at 1192-1193).

Proof of failure to pay child support as ordered constitutes prima facie evidence of willful violation of an order of support (*see* Family Ct Act § 454 [3]; *Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Matter of Gorsky v Kessler*, 79 AD3d 746, 746 [2010]). Once a prima facie showing has been made, the burden shifts to the respondent to offer some competent, credible evidence of his or her inability to make the required payments (*see Matter of Rottman v Coull*, 112 AD3d 837, 839 [2013]).

Here, after the mother established, prima facie, that the father failed to meet his support obligation set forth in the order dated August 26, 2010, the father failed to come forward with competent, credible evidence that his failure to pay was not willful (*see Matter of Powers v Powers*, 86 NY2d at 69). Although the father testified that he was unable, for various reasons, to comply with his support obligations, the Support Magistrate found him not to be credible. The Support Magistrate noted, among other things, that the father had failed to sign his financial disclosure affidavit, and that the excuses he offered in support of his contention that he could not pay were inconsistent. Additionally, although the father alleged that he had various medical conditions, he could not name his doctors or provide documentary proof that those medical conditions prevented him from working. The father likewise failed to provide any documentation about his attempts to find work. We find no basis to reject the Support Magistrate's finding that

the father lacked credibility (*see Matter of Hicks v Hicks*, 126 AD3d 975, 976-977 [2015]). Accordingly, the Family Court properly, in effect, confirmed the Support Magistrate's determination that the father willfully violated the order of child support (*see Matter of Dezil v Garlick*, 136 AD3d at 906). Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.