Matter of Solomon v Fishman (2018 NY Slip Op 04740)





Matter of Solomon v Fishman


2018 NY Slip Op 04740


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07774
 (Docket No. O-7850-14/14A/15D/16H/16J)

[*1]In the Matter of Jennifer S. Solomon, respondent,
v
Marc H. Fishman, appellant.


Del Atwell, East Hampton, NY, for appellant.
Nicole E. Feit, White Plains, NY, for respondent.
Kathleen M. Hannon, Scarsdale, NY, attorney for the children.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of commitment of the Family Court, Westchester County (Michelle I. Schauer, J.), dated June 27, 2017. The order of commitment, in effect, confirmed a decision of the same court dated September 2, 2016, made after a hearing, determining that the father willfully violated a temporary order of protection and an interim order of visitation, and committed him to the custody of the Westchester County Correctional Facility for a period of 21 days unless sooner discharged according to law.
ORDERED that the appeal from so much of the order of commitment as committed the father to the Westchester County Correctional Facility for a period of 21 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Becker v Guenther, 150 AD3d 985); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The father and the mother have four children together. They have been divorced since August 2012. There have been numerous post-matrimonial proceedings and motions made in both the Family Court and the Supreme Court since the parties' divorce, regarding a plethora of issues, including child support arrears, parental access, and the father's failure to comply with various court orders. In the course of a family offense proceeding commenced by the mother by a petition dated [*2]June 11, 2014, the Family Court issued a series of temporary orders of protection and interim orders on behalf of the mother and the subject children with respect to the father. Beginning in June 2014, the mother filed a series of petitions in the Family Court alleging that the father had violated certain provisions of the temporary orders of protection and interim orders. The court conducted a fact-finding hearing on the violation petitions that began on June 28, 2016, and concluded on September 2, 2016, at which time the court found that the father had willfully violated the terms of a temporary order of protection and an interim order of visitation, both dated April 6, 2016. After a dispositional hearing, the Family Court issued an order of commitment dated June 27, 2017, which, in effect, confirmed the court's decision that the father willfully violated the prior court orders, and committed the father to the custody of the Westchester County Correctional Facility for a period of 21 days unless sooner discharged according to law. The father appeals from the order of commitment.
The appeal from so much of the order of commitment as committed the father to the custody of the Westchester County Correctional Facility for a period of 21 days must be dismissed as academic, as the period of incarceration has ended (see Matter of Savas v Bruen, 154 AD3d 859, 860; Matter of Becker v Guenther, 150 AD3d 985, 985; Matter of Pace v Douglas, 141 AD3d 530, 530). However, in light of the enduring consequences which could flow from the determination that the father violated the subject temporary order of protection and interim order of visitation, the appeal from so much of the order of commitment as, in effect, confirmed the determination that the father was in willful violation of those orders, is not academic (see Matter of Pace v Douglas, 141 AD3d at 530).
Contrary to the father's contentions, it was not necessary for the Family Court to find that the father had committed a family offense or a crime prior to making the determination that he willfully violated the subject orders (see Matter of Lisa T. v King E.T., 30 NY3d 548, 551; Matter of Santiago v Santiago, 158 AD3d 772, 773). Moreover, the court properly found, beyond a reasonable doubt, that the father willfully violated provisions of the subject orders, having freely admitted to engaging in conduct constituting such willful violations (see Matter of Rubackin v Rubackin, 62 AD3d 11, 15).
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court