Matter of Nickel v Nickel (2019 NY Slip Op 03973)





Matter of Nickel v Nickel


2019 NY Slip Op 03973


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-03847
2018-03849
2018-03850
2018-03853
 (Docket No. F-16828-15)

[*1]In the Matter of Dina K. Nickel, respondent, 
v
Keith M. Nickel, appellant.


Darla A. Filiberto, Hauppauge, NY, for appellant.
Nassau/Suffolk Law Services Committee, Inc., Islandia, NY (Darlene Rosch of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) findings of fact of the Family Court, Suffolk County (Meridith Lafler, S.M.), dated March 1, 2018, (2) an order of disposition of the same court, also dated March 1, 2018, (3) an order of the same court, also dated March 1, 2018, and (4) an order of commitment of the same court (Jeffrey Arlen Spinner, J.), also dated March 1, 2018. The order of disposition, insofar as appealed from, after a hearing, upon the findings of fact, determined that the father willfully violated a prior order of child support. The order directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $5,915 for child support arrears. The order of commitment, in effect, confirmed the finding that the father willfully violated a prior order of child support and directed that he be incarcerated for a period of four months with a purge amount of $2,000.
ORDERED that the appeal from the findings of fact is dismissed, without costs or disbursements, as no appeal lies therefrom (see DiFiore v DiFiore, 87 AD3d 971); and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from the order directing the entry of a money judgment is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed, without costs or disbursements.
The appeal from the order directing the entry of a money judgment must be dismissed as abandoned, as the father's brief does not seek reversal or modification of any portion of that order (see Matter of Pepe v Pepe, 124 AD3d 898).
The mother commenced this proceeding against the father, alleging that he was in willful violation of a child support order. Following a hearing, the Support Magistrate found, inter [*2]alia, that the father willfully violated the child support order and recommended that the father be incarcerated. The Family Court, in effect, confirmed the Support Magistrate's finding that the father's violation was willful, and directed that he be incarcerated for a period of four months with a purge amount of $2,000. The father appeals.
The father's failure to pay child support constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Bea v Winslow, 162 AD3d 763, 764; Matter of Fusco v Fusco, 134 AD3d 1112, 1113). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay child support in accordance with the terms of the order was not willful (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Kimbrough v Murphy, 156 AD3d 640, 641; Matter of Rafferty v Ettinger, 150 AD3d 1016, 1016). The father failed to satisfy his burden (see Matter of Girasek-Brick v Girasek, 127 AD3d 861, 861; Matter of Smith v Jeffers, 110 AD3d 904, 905; Matter of Logue v Abell, 97 AD3d 582, 583). Accordingly, we agree with the Family Court's determination, in effect, confirming the finding that the father willfully violated the prior child support order.
"Where, as here, a willful violation of an order of support is found, the determination as to the appropriate sanction lies within the Family Court's discretion'" (Matter of Cameron v King, 160 AD3d 945, 947, quoting Matter of Sullivan v Kilkenny, 141 AD3d 533, 535). Under the circumstances herein, the Family Court did not improvidently exercise its discretion in setting a purge amount in the sum of $2,000 (see Matter of Gorsky v Kessler, 133 AD3d 854, 856; Matter of Cattell v Cattell, 254 AD2d 357, 357).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court