Matter of Garuccio v Curcio (2019 NY Slip Op 05777)





Matter of Garuccio v Curcio


2019 NY Slip Op 05777


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-06005
 (Docket No. F-04918-14/14A)

[*1]In the Matter of Lucy Garuccio, respondent,
v
Charles Curcio, appellant.


Coffinas & Lusthaus, P.C., Brooklyn, NY (Meredith A. Lusthaus of counsel), for appellant.
Catherine S. Bridge, Staten Island, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Arnold Lim, J.), dated May 1, 2018. The order confirmed the finding of a support magistrate, made after a hearing, that the father willfully failed to obey a prior order dated February 20, 2009, and directed that he be incarcerated for a period of at least three months if he did not pay the mother a purge amount of $330,000 by August 7, 2018.
ORDERED that the order dated May 1, 2018, is affirmed, without costs or disbursements.
We agree with the Family Court's determination confirming the Support Magistrate's recommendation that the father be incarcerated without holding a second hearing and before the time for him to file objections had expired. Family Court Act § 454(3)(a) provides that if the court finds that a respondent willfully failed to obey an order of support, the court may commit the respondent to jail for a term not to exceed six months. Failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]). Here, the mother came forward with sufficient evidence at the hearing to show that the father failed to pay the ordered support for the relevant period. This evidence that the father failed to pay support as ordered, standing alone, established the mother's direct case of willful violation, shifting to the father the burden to come forward with competent, credible evidence that his failure to pay child support in accordance with the order was not willful (see Matter of Powers v Powers, 86 NY2d 63, 68-69; Matter of Nickel v Nickel, ___ AD3d ___, 2019 NY Slip Op 03973 [2d Dept 2019]). The father failed to establish his defense of an inability to pay (see Family Ct Act § 455[5]; Matter of Olivari v Bianco, 161 AD3d 983).
The Family Court was not required to hold a second hearing before issuing the order. The father was given a full and fair opportunity to be heard at the hearing on his defense to the claim of willfulness. Upon the father's failure to appear for a scheduled court date on May 1, 2018, the court did not improvidently exercise its discretion in confirming the recommendation of the Support Magistrate that the father be incarcerated (see Matter of John T. v Olethea P., 64 AD3d 484).
Furthermore, the Family Court was under no obligation to wait until the father's time [*2]to file objections pursuant to Family Court Act § 439(e) had expired to confirm the Support Magistrate's recommendation of incarceration. Pursuant to Family Court Act § 439(a), the Support Magistrate was required to refer the contempt determination to a Family Court judge for confirmation and the imposition of punishment. Thus, the determination of the Support Magistrate recommending incarceration had no force and effect until confirmed. For orders which do not require confirmation by a Family Court Judge, Family Court Act § 439(e) provides that a party may file objections to such orders, but pending review of the objections the order shall be in full force and effect and no stay of such order shall be granted. Since a determination of a support magistrate recommending incarceration can have no force and effect until confirmed, and could never constitute a final order, the procedure under Family Court Act § 439(e) concerning the filing of objections does not apply (see Matter of Roth v Bowman, 245 AD2d 521).
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court