Matter of Nestor v Nestor (2025 NY Slip Op 01369)

Matter of Nestor v Nestor

2025 NY Slip Op 01369

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-10963
 (Docket No. F-9336-18/22F)

[*1]In the Matter of Regiane Nestor, respondent, 
v
Thomas Nestor, appellant.

Arthur L. Gallagher, Bronx, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Westchester County (Rachel Hahn, J.), dated November 15, 2023. The order of commitment, after a hearing, in effect, confirmed so much of an amended order of the same court (Michele Reed Bowman, S.M.) dated August 9, 2023, made after a hearing, as found that the father willfully violated an order of child support dated July 16, 2019, and committed him to the custody of the Westchester County Jail for a period of one month unless the father paid the purge amount of $8,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Westchester County Jail for a period of one month is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Stein-Zimic v Zimic, 194 AD3d 823; Matter of McMinn v Taylor, 118 AD3d 887); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
In this proceeding pursuant to Family Court Act article 4, the mother alleged that the father was in willful violation of an order of child support dated July 16, 2019 (hereinafter the child support order), pursuant to which the Family Court directed the father to pay child support in the sum of $140 per week and spousal support in the sum of $105 per week. On May 25, 2023, the father failed to appear at a hearing before a Support Magistrate. Following the hearing, the Support Magistrate issued an order dated July 14, 2023, and thereafter issued an amended order dated August 9, 2023, finding that the father willfully violated the child support order, determining that the father owed support arrears in the sum of $16,242.87, directing that the mother be awarded a money judgment in that amount, and referring the matter to a Family Court Judge for a confirmation hearing.
After a hearing, in an order of commitment dated November 15, 2023, the Family Court, in effect, confirmed so much of the amended order as found that the father willfully violated the child support order and committed the father to the custody of the Westchester County Jail for a period of one month unless he paid the purge amount of $8,000. The father appeals.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Westchester County Jail for a period of one month must be dismissed as [*2]academic, in light of the enduring consequences that could flow from the finding that the father willfully violated the child support order, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of the child support order is not academic (see Matter of Stein-Zimic v Zimic, 194 AD3d 823, 824).
The Family Court did not err by, in effect, confirming the Support Magistrate's finding that the father willfully violated the child support order. At a hearing to determine whether a respondent has willfully failed to obey a lawful order of support, the burden is on the petitioner to establish that the respondent willfully violated the terms of the support order by failing to pay the required support (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Yuen v Sindhwani, 137 AD3d 1155, 1156). "Evidence of the [respondent's] failure to pay child support as ordered constitute[s] prima facie evidence of a willful violation" (Matter of McMinn v Taylor, 118 AD3d 887, 888; see Matter of Powers v Powers, 86 NY2d at 69). Once this showing has been made, the burden shifts to the respondent to present competent, credible evidence of "his or her financial inability to comply" (Family Ct Act § 455[5]; see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Yuen v Sindhwani, 137 AD3d at 1156).
Here, in response to the mother's prima facie showing of the father's willful violation of the child support order, the father failed to present credible and competent evidence of his financial inability to comply with that order, as the Family Court properly determined (see Matter of Franco v Paez, 228 AD3d 656, 657; Matter of Pace v Douglas, 141 AD3d 530, 531; Matter of Fusco v Fusco, 134 AD3d 1112, 1113).
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court