Matter of Pifferrer v Barrera (2025 NY Slip Op 01812)

Matter of Pifferrer v Barrera

2025 NY Slip Op 01812

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-05823
 (Docket No. F-13798-12/24E)

[*1]In the Matter of Yesenia Pifferrer, respondent, 
v
Danny Barrera, appellant.

Linda C. Braunsberg, Staten Island, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Tamra Walker, J.), dated June 5, 2024. The order denied the father's objections to an order of disposition of the same court (Serena Rosario, S.M.) dated March 18, 2024, which, after a hearing, and upon findings of fact, also dated March 18, 2024, inter alia, found that the father willfully violated a prior order of child support.
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the father are the parents of a child, born in 2008. In January 2024, the mother filed a petition alleging that the father was in violation of an order of child support dated November 20, 2013 (hereinafter the November 2013 order). After a hearing, in an order of disposition dated March 18, 2024, upon findings of fact, also dated March 18, 2024, the Support Magistrate, inter alia, found that the father willfully violated the November 2013 order. The father filed objections to the Support Magistrate's order of disposition. In an order dated June 5, 2024, the Family Court denied the father's objections. The father appeals.
In a proceeding to hold a parent in willful violation of an order of child support, evidence of a respondent's failure to pay child support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Signorile v Kaminski, 116 AD3d 961, 962). The burden then shifts to the respondent to offer competent, credible evidence of his or her inability to make the required payments (see Matter of Nocerino v Nocerino, 192 AD3d 1113, 1114).
Here, the father's failure to pay child support as ordered constituted prima facie evidence of a willful violation of the November 2013 order, and the father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments (see Matter of Franco v Paez, 228 AD3d 656, 657; Matter of Martucci v Nerone, 223 AD3d 668, 669). Apart from the monies the father testified that he was receiving from public assistance, the father failed to offer competent, credible evidence about his income from employment. Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order of disposition.
In making her determination, the Support Magistrate did not err in taking judicial notice of the Family Court's records to establish that the father had knowledge of the November 2013 order (see Matter of Newton v McFarlane, 174 AD3d 67, 77; Matter of Department of Social Servs. v Cronin, 37 AD3d 463, 463).
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court