Matter of Militana v DeMartino

2026 NY Slip Op 02271

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Angela Militana, respondent,

v

Thomas A. DeMartino, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2023-04980, (Docket No. F-632-21/21A)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

Lillian Wan

Lourdes M. Ventura, JJ.

J. Douglas Barics, Commack, NY, for appellant.

Steven D. Kommor, Melville, NY, for respondent.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Joy M. Watson, J.), dated April 28, 2023. The order denied the father's objections to an order of the same court (Elizabeth A. Bloom, S.M.) dated October 19, 2022, which, after a hearing, and upon findings of fact dated October 18, 2022, inter alia, determined that the father was in willful violation of a prior order of support and recommended commitment.

ORDERED that the order dated April 28, 2023, is affirmed, without costs or disbursements.

The parties were married in 2005 and divorced in 2018. In a judgment of divorce entered June 22, 2018, the father was directed to pay $3,125 per month in child support for the parties' two children and $1,500 per month in maintenance for a period of two years. Thereafter, in 2021, the mother filed a petition alleging that the father was in willful violation of his support obligations. Following a hearing, the Support Magistrate, inter alia, determined that the father was in willful violation of his support obligations, calculated child support and maintenance arrears owed by the father, recommended commitment, and referred its determination to the Family Court for confirmation. The father filed objections to the Support Magistrate's determination. In an order dated April 28, 2023, the Family Court denied his objections. The father appeals.

"A determination by a support magistrate that a person is in willful violation of a support order and recommending commitment has no force and effect until confirmed by a Judge of the Family Court" (Matter of Dakin v Dakin, 75 AD3d 639, 639-640; see Family Ct Act § 439[a]; Matter of Clarissa C. v Alexei G., 208 AD3d 1089). "Such a determination by a support magistrate does not constitute a final order to which a party may file written objections" (Matter of Dakin v Dakin, 75 AD3d at 640; see Matter of Henry v Greenidge, 127 AD3d 1192). Here, the father improperly filed objections to the nonfinal determination of the Support Magistrate. Accordingly, the Family Court correctly denied his objections (see Matter of Clarissa C. v Alexei G., 208 AD3d at 1090; Matter of Henry v Greenidge, 127 AD3d at 1193). Thus, contrary to the father's contention, the issue of whether the father willfully violated the judgment of divorce is not properly before this Court (see Matter of Brady v White, 158 AD3d 748).

The father's remaining contentions are either without merit or unpreserved for appellate review.

CHAMBERS, J.P., DOWLING, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court