■ In the Matter of MIRIAM LEYBERMAN, Respondent, v LEV LEYBERMAN, Appellant. [794 NYS2d 672]—

In a support proceeding pursuant to Family Court Act article 4, Lev Leyberman appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Morgenstern, J.), dated December 29, 2003, as denied his objections to that part of an order of the same court (Levy, S.M.), dated September 19, 2003, which, after a hearing, denied his petition for a downward modification of his maintenance and child support obligations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Family Court properly denied the appellant's objections to that part of the Hearing Examiner's order which denied the appellant's petition for a downward modification of his maintenance and child support obligations. The appellant failed to demonstrate that continued enforcement of his obligations under the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, to pay maintenance, provide the respondent with medical coverage, and bear the cost of her medical expenses would create an "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b];

*see Matter of Ross v Ross,* 297 AD2d 286 [2002]; *Pintus v Pintus,* 104 AD2d 866, 867-868 [1984]). He also failed to establish a substantial, unanticipated, and unreasonable change in circumstances warranting a reduction in child support (*see Matter of Boden v Boden,* 42 NY2d 210, 213 [1977]; *Praeger v Praeger,* 162 AD2d 671, 673 [1990]; *Nordhauser v Nordhauser,* 130 AD2d 561, 562 [1987]). Thus, the Hearing Examiner properly denied the petition for downward modification.

The appellant's remaining contentions are without merit. H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.