■ In the Matter of MARIANA ROSATO, Respondent, v MARK ROSATO, Appellant. [799 NYS2d 782]—

In a support proceeding pursuant to Family Court Act article 4, Mark Rosato appeals from an order of the Family Court, Rockland County (Warren, J.), dated February 6, 2004, which confirmed an order of the same court (Miklitsch, S.M.), dated December 10, 2003, inter alia, finding that he willfully violated a prior order of support and committed him to a period of incarceration of six months unless he purged himself of his contempt by paying the sum of $25,000 towards his arrears.

Ordered that the order dated February 6, 2004, is affirmed, without costs or disbursements.

The evidence before the Support Magistrate established prima facie that the appellant was in willful violation of his child support and maintenance obligations under the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce (*see* Family Ct Act § 454 [3] [a]). The burden of going forward then shifted to the appellant to offer competent, credible evidence of his inability to meet his support obligations (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). The appellant, whom the Support Magistrate found lacked credibility in his testimony regarding his income and access to funds, did

not meet this burden (*see Matter of Powers v Powers, supra; Matter of Cadle v Hill*, 1 AD3d 434 [2003]; *Matter of Dorner v McCarroll*, 271 AD2d 530 [2000]; *Matter of Bouchard v Bouchard*, 263 AD2d 775 [1999]).

To the extent that the appellant challenges the Support Magistrate's dismissal of his petition for a downward modification of his maintenance and child support obligations, the issue is not properly before this Court, since the appellant did not take an appeal from the order dated April 2, 2004, dismissing his objections to the order dated December 10, 2003. In any event, the appellant failed to demonstrate "extreme hardship" or a substantial, unanticipated, and unreasonable change in circumstances warranting a reduction (*see* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]; *Matter of Leyberman v Leyberman*, 18 AD3d 554 [2005]; *Matter of Ross v Ross*, 297 AD2d 286 [2002]).

The appellant's remaining contentions are without merit. Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.