■ In the Matter of CANDITA RAWLINS, Respondent, v ARTHUR WILLIAMS, Appellant. [815 NYS2d 606]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Foskey, J.), dated May 20, 2005, which, upon an order of the same court dated April 28, 2005 (Bannon, S.M.), finding that he willfully violated an order of support of the same court (Bannon, S.M.), dated June 17, 2003, committed him to the Nassau County Correctional Facility for a term of incarceration of six months unless he purged himself of his contempt by paying the sum of $4,801.90 to the Nassau County Support Collection Unit.

Ordered that the appeal from so much of the order as committed the father to a term of incarceration of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The father's concession that he failed to pay support constituted prima facie evidence of his willful violation of the support order (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). The burden of going forward then shifted to the father to rebut the prima facie evidence by offering some competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers, supra*). Since the father failed to rebut this evidence, the Family Court properly found that the father willfully violated the support order. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.