■ In the Matter of JESSICA L. JARRETT, Respondent, v ADAM MOSSLIH, Appellant. [825 NYS2d 246]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Queens County (Heffernan, J.), dated October 11, 2005, which committed him to the custody of the New York City Department of Corrections for consecutive weekends from October 14, 2005 through April 16, 2006, unless he purged himself of his contempt by paying the sum of $18,500 to the New York City Office of Child Support Enforcement.

Ordered that the appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Corrections for consecutive weekends from October 14, 2005 through April 16, 2006 is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The father's concession that he failed to pay support constituted prima facie evidence of his willful violation of an order of support of the same court (Borofsky, S.M.), dated January 14, 2005 (*see* Family Court Act § 454 [3] [a]; *Matter of Rawlins v Williams*, 27 AD3d 757 [2006]). The burden of going forward then shifted to the father to rebut the prima facie evidence by offering some competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d 63, 68 [1995]). Since the father failed to rebut this evidence, the Family Court properly determined that the father willfully violated the support order.

The father's contention that he was denied the effective assistance of counsel is without merit (*see Matter of Giordano v Giordano*, 259 AD2d 701, 702 [1999]). Florio, J.P., Adams, Krausman and Rivera, JJ., concur.