■ In the Matter of CAMILLE ACCETTULLI, Respondent, v JOHN ACCETTULLI, Appellant. [834 NYS2d 533]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Suffolk County (Spinner, J.), dated December 19, 2005, which committed him to the custody of the Suffolk County Correctional Facility for a term of six months, unless he purged himself of his contempt by paying the sum of $12,000 to the Suffolk County Child Support Enforcement Bureau.

Ordered that the order of commitment is affirmed, without costs or disbursements.

Since the parties' divorce in 2002 the mother has filed several petitions to enforce the child support obligations set forth in the stipulation settling the divorce action, which was incorporated but not merged into their judgment of divorce. In 2005 the father petitioned for a downward modification of support and the mother cross-petitioned for a judgment for arrears. The Support Magistrate dismissed the father's petition for a downward modification of support, and found him in willful violation of his support obligation. The Family Court ordered the father incarcerated. We affirm.

The mother made a prima facie showing of a willful violation by adducing evidence of the father's failure to pay support as ordered (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). In rebuttal, the father failed to provide sufficient proof of his inability to pay (*see Matter of Chowanec v McDermott*, 12 AD3d 441, 442 [2004]). Thus, the Support Magistrate properly found that the father's violation of his child support obligations was willful (*see Matter of Rawlins v Williams*, 27 AD3d 757 [2006]).

"Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered" (*Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). Thus, we find that the Family Court properly rejected the father's claims of unemployment and impoverishment (*see Matter of Teller v Tubbs*, 34 AD3d 593 [2006]).

Because the father did not appeal from the Family Court's order dated January 25, 2006, which dismissed his objections to the separate order of the Support Magistrate dated December 19, 2005 dismissing his petition for a downward modification of his support obligations, his challenge to that determination is not properly before this Court (*see Matter of Rosato v Rosato*, 21 AD3d 418, 419 [2005]).

The father's remaining contentions are without merit. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.