■ In the Matter of KAREN MORRIS, Respondent, v KEITH CLEMONS, Appellant. [845 NYS2d 119]—In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his notice of appeal and brief, from so much of an order of the Family Court, Kings County (Hepner, J.), dated July 18, 2006, as, in effect, confirmed a finding of the same court (Mayeri, S.M.), dated April 12, 2005, that he willfully failed to pay child support and, upon placing him on probation for a period of three years, conditioned probation upon payments toward child support arrears in the sums of $100 per week for the months of September and October 2006, $125 per week for the months of November and December 2006, $150 per week for the months of January and February 2007, $200 per week for the months of March and April 2007, $250 per week for the months of May and June 2007, $300 per week for the months of July and August 2007, and $200 per week thereafter until the arrears are paid in full.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother made a prima facie showing of a willful violation by adducing evidence of the father's failure to pay support as ordered (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]). In rebuttal, the father failed to

provide sufficient proof of his inability to pay (*see Matter of Accettulli v Accettulli,* 38 AD3d 766 [2007]).

Further, contrary to the father's contention, the imposition of a schedule of increasing payments towards support arrears as a condition of probation (*see* Family Ct Act § 454 [3] [c]; Penal Law § 65.10 [2] [*l*], [5]) was not an improvident exercise of the Family Court's discretion. Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.