■ In the Matter of JOANNE REINNINGER, Respondent, v SHERLAND CAMPBELL, Appellant. [849 NYS2d 293]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (McGowan, J.), dated September 11, 2006, which, in effect, denied his objections to an order of the same court (Kirshblum, S.M.), dated September 8, 2006, made after a hearing, finding that he willfully violated a child support order of the same court dated June 2, 2005, and, in effect, finding him in contempt, and committed him to the New York City Department of Corrections for a term of imprisonment of six months beginning on each Monday at 9:00 A.M. and continuing until the succeeding Friday at 5:00 P.M., until the term is completed, with the opportunity to purge the contempt by paying the sum of $5,500 toward his arrears.

Ordered that the appeal from so much of the order dated September 11, 2006, as committed the appellant to the New York City Department of Corrections for a term of imprisonment of six months beginning on each Monday at 9:00 A.M. and continuing until the succeeding Friday at 5:00 P.M., until the term is completed, is dismissed as academic, without costs and disbursements, as the period of incarceration has expired (*see Matter of Greene v Holmes,* 31 AD3d 760 [2006]; *Matter of Bradley v Beneduce,* 24 AD3d 546 [2005]); and it is further,

Ordered that the order dated September 11, 2006, is affirmed insofar as reviewed, without costs or disbursements.

The father's concession that he failed to pay child support constituted prima facie evidence of his willful violation of an order of child support (*see* Family Ct Act § 454 [3] [a]; *Matter of Rawlins v Williams,* 27 AD3d 757 [2006]). The burden of going forward then shifted to the father to rebut the prima facie evidence by offering some competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers,* 86 NY2d 63, 68 [1995]). Since the father failed to do so, the Family Court properly determined that he willfully violated the support order.

The father's contention that he was denied the effective assistance of counsel is without merit, since the Family Court Support Magistrate appointed counsel to represent him before the commencement of the fact-finding hearing to determine whether

his failure to obey the child support order was willful (*see* Family Ct Act § 262 [a] [vi]; § 433 [a]).

The father's remaining contentions are without merit or are not properly before this Court for review (*see Matter of Accettulli v Accettulli*, 38 AD3d 766, 767 [2007]; *Matter of Rosato v Rosato*, 21 AD3d 418, 419 [2005]). Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.