In the Matter of KENNETH COOPER, Respondent, v DE-LANDA ROBERTSON, Appellant. [892 NYS2d 522]—

The Family Court correctly denied the mother's objections to the Support Magistrate's determinations. Evidence of the mother's failure to pay child support as ordered constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Jarrett v Mosslih*, 34 AD3d 808, 809 [2006]; *Matter of Rawlins v Williams*, 27 AD3d 757 [2006]). The burden then shifted to the mother to offer competent, credible evidence of her inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Reinninger v Campbell*, 47 AD3d 635, 635 [2008]; *Matter of Saintime v Saint Surin*, 40 AD3d 1103, 1104 [2007]; *Matter of Greene v Holmes*, 31 AD3d 760, 762 [2006]). The mother, whom the Support Magistrate found lacked credibility in her testimony regarding her income and access to funds, failed to sustain this burden (*see Matter of Catton v Catton*, 41 AD3d 845 [2007]; *Matter of Rosato v Rosato*, 21 AD3d 418 [2005]). Although the mother asserted that she was unemployed and had no money to pay child support, she did not present competent, credible evidence to show that she had actively sought employment (*see Matter of Richards v Bailey*, 296 AD2d 412, 413 [2002]; *Matter of Fallon v Fallon*, 286 AD2d 389 [2001]; *Matter of Warner v Monroe*, 262 AD2d 684 [1999]).

The mother's remaining contentions either are without merit or are not properly before this Court (*see Matter of Reinninger v Campbell*, 47 AD3d at 636; *Matter of Accettulli v Accettulli*, 38 AD3d 766, 767 [2007]). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.