■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v JAMES EDWARD HENRY, Appellant. [24 NYS3d 222]—

Appeal from an order of commitment of the Family Court, Nassau County (Conrad D. Singer, J.), dated June 16, 2014. The order of commitment, insofar as appealed from, confirmed an order of disposition of that court (Adam E. Small, S.M.) dated May 22, 2014, made after a hearing, finding that James Edward Henry willfully violated a prior order of child support.

Ordered that the order of commitment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced this proceeding against the father pursuant to Family Court Act article 4, alleging that he violated an order of child support dated March 19, 2010, directing him to pay child support for his five children in foster care. In an order of disposition dated May 22, 2014, a Support Magistrate found, after a hearing, that the father willfully violated the order of child support. In an order of commitment

dated June 16, 2014, the Family Court confirmed the finding of the Support Magistrate and directed that the father be incarcerated for a period of 60 days unless he purged himself of his contempt by paying the sum of $2,000. The father appeals.

Although the period of the father's incarceration has expired, the appeal from so much of the order of commitment as confirmed the finding that the father willfully violated the order of child support is not academic in light of the enduring consequences which may potentially flow from an adjudication that a party has been found to have violated an order of the Family Court (*see Matter of Smith v Jeffers*, 110 AD3d 904, 904-905 [2013]).

Evidence of the failure to pay child support as ordered constitutes prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Gillison v Gillison*, 122 AD3d 926, 927 [2014]; *Matter of Smith v Jeffers*, 110 AD3d at 905). Once a prima facie showing has been made, the burden shifts to the party who owes the support to offer some competent, credible evidence of his or her inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of Rhodes v Nelson*, 113 AD3d 864, 865 [2014]). Here, upon the petitioner's prima facie showing of the father's failure to pay child support as ordered, the father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments (*see Matter of Logue v Abell*, 97 AD3d 582, 583 [2012]; *Matter of Teller v Tubbs*, 34 AD3d 593, 594 [2006]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). Accordingly, the Family Court properly determined that the father willfully violated the order of child support.

The father's contention that he was deprived of the effective assistance of counsel is without merit. Viewed in its totality, the record reveals that the father received meaningful representation (*see Matter of McMinn v Taylor*, 118 AD3d 887, 888 [2014]; *Matter of Phillips v Giddings*, 96 AD3d 950, 951-952 [2012]; *Matter of Rodriguez v Suarez*, 93 AD3d 730, 730 [2012]).

Accordingly, the Family Court's order of commitment should be affirmed insofar as appealed from. Dillon, J.P., Hall, Roman and Duffy, JJ., concur.