▆ In the Matter of ALBERTA MYLES, Respondent, v KEITH TURNER, Appellant. [26 NYS3d 609]—

Appeal from an order of commitment of the Family Court, Nassau County (Merik R. Aaron, J.), dated October 22, 2014. The order, in effect, confirmed an order of that court (Neil T. Miller, S.M.) dated October 1, 2014, finding that the father had willfully violated a child support order, and directed that the father be committed to the Nassau County Correctional Facility for a period of three months unless he paid arrears in the sum of $4,000.

Ordered that the order of commitment is affirmed, without costs or disbursements.

The mother commenced this proceeding seeking, inter alia, a determination that the father willfully violated a child support order dated January 23, 2012. After a hearing, the Support Magistrate, by order dated October 1, 2014, found that the father had willfully violated the child support order, recommended that he be held in contempt, and directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $4,455 for child support arrears. Thereafter, the Family Court, by order dated October 22, 2014, in effect, confirmed the Support Magistrate's finding of willfulness and directed that the father be incarcerated for a period of three months unless he purged his contempt by paying arrears in the sum of $4,000. The father appeals.

Proof of failure to pay child support constitutes prima facie evidence of a willful violation of an order of support (see Family Ct Act § 454 [3] [a]; Matter of Ceballos v Castillo, 85 AD3d 1161, 1163 [2011]). Once a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments (see Matter of Westchester County Commr. of Social Servs. v Perez, 71 AD3d 906, 907 [2010]). Here, upon the mother's prima facie showing of the father's failure to pay child support as ordered, the father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments (see Matter of Rottman v Coull, 112 AD3d 837, 839 [2013]; Matter of Logue v Abell, 97 AD3d 582, 583 [2012]; Matter of Phillips v Giddings, 96 AD3d 950, 951 [2012]).

The father's claim that he was deprived of his right to the effective assistance of counsel when the Family Court denied his counsel's request for a brief adjournment is without merit. The record shows that the court actually did adjourn the hearing twice and gave new counsel an opportunity to read through the father's medical records and familiarize herself with the father's medical condition.

The father's remaining contention is academic.

Accordingly, the Family Court properly determined that the father had willfully violated the child support order. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.