■ In the Matter of MICHELE RAFFERTY, Respondent, v ANDREW ETTINGER, Appellant. [55 NYS3d 145]—

Appeal by the father from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered March 14, 2016. The order denied the father's objections to an order of that court (Alan Hochberg, S.M.), dated January 6, 2016, which, after a hearing, found that the father willfully violated a prior order of child support, and confirmed the finding that he was in willful violation of the order of child support.

Ordered that the order entered March 14, 2016, is affirmed, without costs or disbursements.

On a motion to hold a parent in willful violation of an order of child support, "[p]roof of failure to pay child support constitutes prima facie evidence of a willful violation" (*Matter of Myles v Turner*, 137 AD3d 1038, 1039 [2016]; see Family Ct Act § 454 [3] [a]). Once a prima facie showing of willfulness has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to comply with the order (*see Matter of Nassau County Dept. of Social Servs. v Henry*, 136 AD3d 639, 640 [2016]). Here, the mother's submission of proof that the father failed to comply with the order of support satisfied her prima facie burden (*see id.*). In opposition, the father failed to submit competent, credible evidence of his inability to pay support as ordered (*see Matter of Myles v Turner*, 137 AD3d at 1039). Thus, the Family Court correctly denied the father's objections to the Support Magistrate's order.

By failing to object to the Support Magistrate's determination of his recusal motion, the father failed to preserve any objection to that portion of the Support Magistrate's order (*see Matter of Hubbard v Barber*, 107 AD3d 1344, 1345 [2013]).

Accordingly, the Family Court correctly denied the father's objections to the Support Magistrate's finding that the father willfully failed to pay child support as ordered (*see Matter of Nassau County Dept. of Social Servs. v Henry*, 136 AD3d at 639). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.