■ In the Matter of ADAIR CHLOE KIMBROUGH, Respondent, v ARKEEN JAMEL MURPHY, Appellant. [66 NYS3d 288]—

Appeals by the father (1) from an order of disposition of the Family Court, Kings County (Dean T. Kusakabe, J.), dated January 27, 2016, and (2) an order of that court, also dated January 27, 2016. The order of disposition, insofar as appealed from, in effect, confirmed an order of that court (Israella Mayeri, S.M.), dated March 4, 2014, made after a hearing, finding that the father had willfully violated a prior order of child support and, inter alia, directed that the father be committed to the County jail for a period of 6 months, suspended for a period of 12 months on the condition that the father pay the sum of $381 per month. The order directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $3,837 for child support arrears.

Ordered that the appeal from the order is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

This proceeding sought a determination that the father willfully violated a child support order. After a hearing, a Support Magistrate found that the father had willfully violated the child support order, and recommended that he be incarcerated.

The Family Court, in effect, confirmed the Support Magistrate's finding of willfulness and directed that the father be committed to the County jail for a period of 6 months, suspended for a period of 12 months on the condition that he pay the sum of $381 per month, comprising his basic monthly child support obligation of $254 plus $127 toward arrears. Judgments for child support arrears previously had been entered against the father in amounts totaling $34,268.85, inclusive of interest. The Family Court directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $3,837 for additional child support arrears. The father appeals from the Family Court's order of disposition and order directing the entry of a money judgment.

The father's appeal from the order directing the entry of a money judgment must be dismissed as abandoned, as he does not seek reversal of any portion of that order in his brief (*see Matter of Pepe v Pepe*, 124 AD3d 898 [2015]).

The petitioner presented prima facie evidence of the father's willful violation of the child support order with proof that the father failed to pay child support as ordered (*see* Family Ct Act § 454 [3] [a]; *Matter of Kretkowski v Pasqua*, 147 AD3d 836, 837 [2017]). Account statements from the Special Collections Unit indicated that the father had paid only $2,695.71 toward his ongoing basic child support obligation since 2009, out of $14,478, and that he had not paid any support for the child since November 2012 (*see Matter of Saintime v Saint Surin*, 40 AD3d 1103, 1104 [2007]). The burden of going forward then shifted to the father to rebut the petitioner's prima facie showing of a willful violation by offering some competent, credible evidence of his inability to pay (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Matter of Rafferty v Ettinger*, 150 AD3d 1016 [2017]; *Matter of Rojas-Paredes v Lewis*, 149 AD3d 844 [2017]; *Matter of Myles v Turner*, 137 AD3d 1038, 1039 [2016]). The father failed to sustain this burden (*see Matter of Myles v Turner*, 137 AD3d at 1039; *cf. Matter of Morgan v Spence*, 139 AD3d 859, 861 [2016]). In light of the father's willful violation of the prior order of support, the Family Court's determination committing the father to the County jail for a period of 6 months, suspended for 12 months on the condition that the father pay his continued basic support obligation of $254 per month plus $127 per month in arrears, was a proper exercise of discretion (*see* Family Ct Act §§ 454 [1], [3] [a]; 455 [1]; *Matter of Columbia County Support Collection Unit v Risley*, 27 NY3d 758 [2016]; *Matter of Sullivan v Kilkenny*, 141 AD3d 533, 535 [2016]).

The father's arguments regarding the constitutionality of Family Court Act §§ 437 and 454 (3) (a) are unpreserved for appellate review (*see Matter of Coleman v Thomas*, 295 AD2d 508, 509 [2002]). In any event, application of these statutes to the instant proceeding did not violate the equal protection clause or deprive the father of due process (*see generally Mathews v Eldridge*, 424 US 319, 333 [1976]; *People v Williams*, 84 AD3d 1279 [2011]).

The father's remaining contentions are either not properly before this Court or without merit. Hall, J.P., Hinds-Radix, Maltese and Iannacci, JJ., concur.