Matter of Kuechenmeister v Kuechenmeister (2018 NY Slip Op 01311)





Matter of Kuechenmeister v Kuechenmeister


2018 NY Slip Op 01311


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-01872
 (Docket No. F-5836-11)

[*1]In the Matter of Maureen Kuechenmeister, respondent, 
v
Scott Kuechenmeister, appellant.


Rhea G. Friedman, New York, NY, for appellant.



DECISION & ORDER
Appeal from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated January 13, 2017. The order denied the father's objections to (1) an order of disposition of that court (Gregory Gliedman, S.M.), dated September 20, 2016, made after a hearing, finding that the father had willfully violated a prior order of child support, and (2) an order of that court (Gregory Gliedman, S.M.), also dated September 20, 2016, which directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $159,695.76 for child support arrears.
ORDERED that the order dated January 13, 2017, is affirmed, without costs or disbursements.
The mother commenced this proceeding seeking a determination that the father willfully violated a child support order. After a hearing, a Support Magistrate found that the father had willfully violated the support order and directed the entry of a money judgment for arrears in the principal sum of $159,695.76. An order of the Family Court dated January 13, 2017, denied the father's objections to the Support Magistrate's orders. The father appeals.
Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the factfinder, which saw and heard the witnesses. The factfinder's credibility determinations are entitled to great deference, and its factual findings should not be disturbed on appeal unless clearly unsupported by the record (see Matter of Binns v Boyd, 63 AD3d 1058, 1059; Matter of McCarthy v Braiman, 125 AD2d 572).
Here, in support of her petition, the mother presented prima facie evidence that the father willfully violated the support order (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Kimbrough v Murphy, 156 AD3d 640; Matter of Rafferty v Ettinger, 150 AD3d 1016; Matter of Tolkinen v Siewert, 130 AD3d 837). The burden of going forward then shifted to the father to rebut the prima facie showing of a willful violation by offering competent, credible evidence of his inability to pay (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Kimbrough v Murphy, 156 AD3d 640; Matter of Rafferty v Ettinger, 150 AD3d 1016). The father failed to sustain his burden of going forward by offering competent, credible evidence of his inability to pay support as ordered (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Rafferty v Ettinger, 150 AD3d 1016; Matter of Dezil v Garlick, 136 AD3d 904, 905; Matter of Tolkinen v Siewert, 130 AD3d at 838). Further, the Support Magistrate's determination of the [*2]amount of arrears owed by the father was supported by the record. Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's orders (see Matter of Tolkinen v Siewert, 130 AD3d at 838).
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court