Matter of Estrella M. Llama v Gorriti (2018 NY Slip Op 01608)





Matter of Estrella M. Llama v Gorriti


2018 NY Slip Op 01608


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-01114
 (Docket Nos. U-14980-07/15AD, U-14980-07/15AE)

[*1]In the Matter of Estrella M. Llama, respondent,
v
Ernest X. Gorriti, appellant.


Ernest X. Gorriti, Yonkers, NY, appellant pro se.
John M. Nonna, County Attorney, White Plains, NY (James Castro-Blanco and Allison E. Burke of counsel), for respondent.



DECISION & ORDER
Appeal from an order of disposition of the Family Court, Westchester County (Rachel Hahn, J.), dated January 10, 2017. The order of disposition, after a hearing, confirmed so much of an order of that court (Esther R. Furman, S.M.), dated June 28, 2016, made after a hearing, as determined that the father willfully violated a prior order of child support.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The mother filed two petitions alleging that the father willfully violated a prior order of child support. After a hearing, the Support Magistrate determined that the father willfully violated the child support order. In an order of disposition dated January 10, 2017, the Family Court confirmed the Support Magistrate's determination that the father willfully violated the child support order. The father appeals from the order of disposition.
The mother presented prima facie evidence of the father's willful violation of the child support order with proof that the father failed to pay child support as ordered (see Family Ct Act § 454[3][a]; Matter of Kretkowski v Pasqua, 147 AD3d 836, 837). The testimony of a representative of the Support Collections Unit established that the father had not made the required payments. The burden of going forward then shifted to the father to rebut the prima facie showing of a willful violation by offering some competent, credible evidence of his inability to pay (see Matter of Powers v Powers, 86 NY2d 63, 69-70). The father failed to sustain this burden (see Matter of Myles v Turner, 137 AD3d 1038, 1039). Thus, the Family Court properly confirmed the Support Magistrate's determination that the father willfully violated the child support order.
The father's contentions regarding his former employer were not raised before the Support Magistrate and, accordingly, are not properly before this Court (see Gorelik v Gorelik, 85 AD3d 856, 857). Furthermore, the father failed to appeal from an order dated September 22, 2016, which denied his objections to so much of an order of the Support Magistrate as dismissed his cross petition for a downward modification of his child support obligation, and therefore, the father's contentions concerning the dismissal of his cross petition are not properly before this Court (see CPLR 5515[1]; Matter of Tara C. [Sonia C.], 106 AD3d 735).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court