Matter of Lynch v Lynch (2018 NY Slip Op 04729)





Matter of Lynch v Lynch


2018 NY Slip Op 04729


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-03376
 (Docket No. F-5200-15)

[*1]In the Matter of Robin Lynch, respondent, 
v
John S. Lynch, appellant.


John S. Lynch, Bartow, Florida, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), entered February 23, 2017. The order denied the father's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.), entered November 4, 2016, which, after a hearing, inter alia, found that the father willfully violated a prior order of child support.
ORDERED that the order entered February 23, 2017, is affirmed, without costs or disbursements.
The mother commenced this proceeding pursuant to Family Court Act article 4 against the father, alleging that he was in willful violation of an order of child support. Following a hearing, the Support Magistrate issued an order entered November 4, 2016, inter alia, finding that the father was in willful violation of the order of child support. The father filed objections to the Support Magistrate's order, and in an order entered February 23, 2017, the Family Court denied the objections. The father appeals from the order entered February 23, 2017, and we affirm.
We agree with the determination of the Family Court to deny, on the merits, the father's objections. In a proceeding to hold a parent in willful violation of an order of child support, "[p]roof of failure to pay child support constitutes prima facie evidence of a willful violation" (Matter of Myles v Turner, 137 AD3d 1038, 1039; see Family Ct Act § 454[3][a]). Once a prima facie showing of willfulness has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to comply with the order (see Matter of Nassau County Dept. of Social Servs. v Henry, 136 AD3d 639, 640). Here, the evidence [*2]submitted by the mother and the support collection unit at the hearing on the violation petition demonstrated, prima facie, that the father failed to comply with the order of child support (see id. at 640). In opposition, the father failed to submit competent, credible evidence of his inability to pay child support as ordered (see Matter of Myles v Turner, 137 AD3d at 1039).
The Family Court also properly applied the doctrine of collateral estoppel in denying the father's objections alleging that the court lacked jurisdiction. The same issue was previously decided by the court in a prior enforcement proceeding between the parties (see Matter of Lockitt v Booker, 80 AD3d 700, 700).
The father's remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court