Matter of Brady v White (2019 NY Slip Op 00116)





Matter of Brady v White


2019 NY Slip Op 00116


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-03177
 (Docket No. F-11681-06/12I)

[*1]In the Matter of Denise Ann Brady, respondent,
v
Raymond A. White, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for appellant.
Brian M. Collins, Melville, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Edmund M. Dane, J.), dated January 28, 2016. The order of commitment, in effect, confirmed an order of disposition of the same court (Patricia Bannon, S.M.) dated January 12, 2016, made after a hearing, determining, inter alia, that the father willfully violated a prior order directing payment of child support and maintenance, and committed the father to the custody of the Nassau County Correctional Facility for a period of three months unless he paid a purge amount of $35,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of three months is dismissed as academic, without costs or disbursements, as the period of commitment has expired (see Matter of Fletcher v Saul, 162 AD3d 1018, 1019); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The parties were married in 1998 and divorced in September 2005. Pursuant to their stipulation of settlement, which was incorporated but not merged into the judgment of divorce, the father agreed, inter alia, to pay $400 per week in child support for the parties' five children. In 2009, the father petitioned to modify his child support obligation in accordance with the stipulation of settlement on the ground that the eldest child was emancipated. In July 2009, the Family Court, upon consent, issued a modification order (hereinafter the 2009 modification order), directing the father to pay $354 per week in child support for the remaining four children and $300 per week in maintenance.
In 2012, the father petitioned, inter alia, for a downward modification of his child support and maintenance obligations. The mother then filed a petition seeking to enforce the 2009 modification order and a petition alleging that the father was in willful violation of that order. Following a hearing on the parties' petitions, the Support Magistrate issued an order of disposition determining, inter alia, that the father was in willful violation of the 2009 modification order. In an order of commitment dated January 28, 2016, the Family Court, in effect, confirmed the order of [*2]disposition, and committed the father to the custody of the Nassau County Correctional Facility for a period of three months unless he paid a purge amount of $35,000. The father appeals from the order of commitment.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of three months must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the determination that the father was in willful violation of the 2009 modification order is not academic in light of the enduring consequences which could flow from the determination that he violated that order (see Matter of Fletcher v Saul, 162 AD3d 1018, 1019; Matter of Stradford v Blake, 141 AD3d 725, 725-726).
We agree with the Family Court's determination, in effect, confirming the Support Magistrate's determination that the father willfully violated the 2009 modification order. The father's failure to pay child support and maintenance constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Fusco v Fusco, 134 AD3d 1112, 1113). Once this prima facie showing was made, the burden shifted to the father to offer competent, credible evidence that his failure to pay child support and maintenance in accordance with the terms of the 2009 modification order was not willful (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Kimbrough v Murphy, 156 AD3d 640, 641; Matter of Rafferty v Ettinger, 150 AD3d 1016, 1016). The father failed to satisfy his burden (see Matter of Fusco v Fusco, 134 AD3d at 1113; Matter of Pryce v Greene, 125 AD3d 972, 973; Matter of Smith v Jeffers, 110 AD3d 904, 905; Matter of Lewis v Cross, 72 AD3d 1228, 1230).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court