Matter of Greenwald v Greenwald (2019 NY Slip Op 03594)





Matter of Greenwald v Greenwald


2019 NY Slip Op 03594


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-10586
2018-01868
 (Docket No. F-399-09/14D)

[*1]In the Matter of Suzanne Greenwald, respondent,
v
Brian Greenwald, appellant.


Heath J. Goldstein, Jamaica, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Kings County (Javier E. Vargas, J.), dated August 24, 2017, and (2) an order of the same court dated December 11, 2017. The order dated August 24, 2017, confirmed so much of an order of the same court (Elizabeth Shamahs, S.M.) dated January 5, 2017, as, after a hearing, found that the father willfully violated a prior order of child support, directed the father to pay the sum of $2,000 per month to the mother in child support arrears, and directed that the father be placed on probation. The order dated December 11, 2017, insofar as appealed from, upon reargument, adhered to the prior determination in the order dated August 24, 2017.
ORDERED that the appeal from the order dated August 24, 2017, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 11, 2017, made upon reargument; and it is further,
ORDERED that the order dated December 11, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1993 and have two children together. The parties divorced by judgment dated August 5, 2002, and the father was directed to pay $4,004.60 per month in child support.
In June 2014, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father willfully failed to comply with his child support obligation. Following a hearing, the Support Magistrate issued an order dated January 5, 2017, which, among other things, found that the father willfully violated the prior order of child support. The Family Court confirmed the Support Magistrate's finding that the father was in willful violation of the child support order, directed the father to pay $2,000 per month to the mother in child support arrears, and directed that the father be placed on probation. The father moved, inter alia, for leave to reargue. In an order dated December 11, 2017, upon reargument, the Family Court adhered to its original determination. The father appeals.
"Failure to obey a lawful order of child support constitutes prima facie evidence of a willful violation" (Matter of Root v Root, 161 AD3d 1169, 1171; see Family Ct Act § 454[3][a]; Matter of Grill v Genitrini, 168 AD3d 731, 732-733). "Thus, proof that a respondent has failed to [*2]pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of Schad v Schad, 158 AD3d 705, 706; see Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Grill v Genitrini, 168 AD3d at 732; Matter of Root v Root, 161 AD3d at 1171). Here, the mother established, prima facie, that the father failed to pay child support as ordered, and, in response, the father failed to offer any competent, credible evidence of his inability to make the required payments (see Matter of Grill v Genitrini, 168 AD3d at 732; Matter of Brooks v Brooks, 163 AD3d 554, 556). Accordingly, we agree with the Family Court's determination to confirm the finding of the Support Magistrate that the father willfully violated the order of child support.
Further, contrary to the father's contention, placing him on probation (see Family Ct Act § 454[3][c]) was not an improvident exercise of the Family Court's discretion (see Matter of Morris v Clemons, 45 AD3d 597, 598).
Accordingly, we agree with the Family Court's determination, upon reargument, to adhere to its original determination.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court