Washington v County of Nassau (2019 NY Slip Op 07314)





Washington v County of Nassau


2019 NY Slip Op 07314


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-03425
 (Index No. 605029/14)

[*1]Ernestine Washington, appellant-respondent,
v
County of Nassau, et al., respondents-appellants, Jonathan O. Talit, et al., respondents.


Parker Waichman LLP, Port Washington, NY (Jay L.T. Breakstone and Stephenie L. Bross of counsel), for appellant-respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas P. Hurzeler and Kristen Carroll of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants County of Nassau, Nassau Inter-County Express, Veolia Transportation Services, Inc., and Clarence D. Edwards cross-appeal, from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered March 16, 2017. The order, insofar as appealed from, granted that branch of the cross motion of the defendants County of Nassau, Nassau Inter-County Express, Veolia Transportation Services, Inc., and Clarence D. Edwards which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). The order, insofar as cross-appealed from, granted that branch of the motion of the defendants Jonathan O. Talit and Michael Talit which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not liable for the plaintiff's injuries.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants County of Nassau, Nassau Inter-County Express, Veolia Transportation Services, Inc., and Clarence D. Edwards, payable by the plaintiff.
On July 11, 2013, the plaintiff, Ernestine Washington, was involved in a multi-vehicle collision with the defendants Clarence D. Edwards and Michael Talit on Fulton Avenue in Hempstead. Edwards's vehicle was owned by the defendant County of Nassau, leased by the defendant Nassau Inter-County Express, and managed by the defendant Veolia Transportation Services, Inc. Michael Talit's vehicle was owned by the defendant Jonathan O. Talit (hereinafter together the Talit defendants). The plaintiff commenced this personal injury action on September 24, 2014. In the bill of particulars, she alleged injuries to the cervical and lumbar regions of her spine. The plaintiff further alleged that she sustained a serious injury under the 90/180-day category [*2]of Insurance Law § 5102(d).
In November 2016, the Talit defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground, among others, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). In support, they submitted the affirmed report of an orthopedic surgeon who examined the plaintiff on March 8, 2016. The orthopedic surgeon measured the range of motion of the cervical and lumbar regions of the plaintiff's spine, using a goniometer, and compared his results to what would be considered normal range of motion. He found the results to be normal. The Talit defendants also submitted a transcript of the plaintiff's deposition testimony, in which she admitted that she missed only two weeks of work as a result of the accident.
The defendants County of Nassau, Nassau Inter-County Express, Veolia Transportation Services, Inc., and Clarence D. Edwards (hereinafter collectively the Nassau defendants) cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). The Nassau defendants relied on the evidence and arguments of the Talit defendants.
In opposition, the plaintiff submitted the affirmed report of a sports medicine and rehabilitation physician, who first examined the plaintiff on July 23, 2013—approximately two weeks after the accident. He most recently examined the plaintiff on January 10, 2017. At that most recent examination, the plaintiff stated that her pain level was 5 to 6 out of 10.
In an order entered March 16, 2017, the Supreme Court, inter alia, granted that branch of the Nassau defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). The plaintiff appeals.
Initially, the Nassau defendants' cross appeal from the order must be dismissed as abandoned, as they do not seek reversal of any portion of the order in their brief (see Matter of Kimbrough v Murphy, 156 AD3d 640, 641).
The Nassau defendants and the Talit defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). They submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). They further submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see generally Anderson v Foley, 162 AD3d 965).
Contrary to the plaintiff's contention, the evidence she submitted in opposition did not raise a triable issue of fact as to whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) (see Noh v Duffe, 70 AD3d 1017, 1018; see generally Perl v Meher, 18 NY3d 208, 218-219). Therefore, we agree with the Supreme Court's determination to grant that branch of the Nassau defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d).
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court