Matter of Casey v Casey (2020 NY Slip Op 00857)





Matter of Casey v Casey


2020 NY Slip Op 00857


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-04981
 (Docket Nos. F-7639-16/17E, F-7639-16/17F)

[*1]In the Matter of Kimberly A. Casey, respondent,
v
Brian R. Casey, appellant.


Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge, Jo-Ann Cambareri, and Scott Stone of counsel), for appellant.
Farber, Pappalardo & Carbonari, White Plains, NY (Jessica L. Piperis of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the former husband appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), entered April 23, 2019. The order denied the former husband's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated January 4, 2019, which reinstated his spousal support obligation.
ORDERED that the order entered April 23, 2019, is affirmed, without costs or disbursements.
The parties were divorced in 2015. Pursuant to a settlement agreement, which was incorporated but not merged with the judgment of divorce, the former husband was obligated to pay child support and spousal support. On or about October 20, 2017, the former husband filed a petition seeking to modify his obligation to pay child support on the ground of injury and to terminate his obligation to pay spousal support on the ground that the former wife was living with her boyfriend. Following a hearing, the Support Magistrate denied that branch of the petition which was to modify the child support obligation, and granted that branch of the petition which was to terminate the spousal support obligation. The former wife filed objections, which were granted by the Family Court in an order dated October 3, 2018. The court remitted the matter to the Support Magistrate, and the Support Magistrate reinstated the former husband's spousal support obligation. The former husband filed objections, and the Family Court, in an order entered April 23, 2019, denied the objections. The former husband appeals.
The former husband failed to demonstrate that termination of his spousal support obligation was warranted under Domestic Relations Law § 248. Although the former wife testified that she had been living with her boyfriend for about a year and a half, there was insufficient evidence that the former wife was "holding . . . herself out" as that man's spouse so as to permit relief under the statute (Domestic Relations Law § 248; see Matter of Bliss v Bliss, 66 NY2d 382, 387-388; Northrup v Northrup, 43 NY2d 566; Matter of Connor v Connor, 171 AD3d 746, 748).
The former husband was not entitled to a second hearing before the Support [*2]Magistrate on the issue of a downward modification of his child support obligation (see generally Matter of Rafferty v Ettinger, 150 AD3d 1016, 1016).
We decline the former wife's request to impose sanctions against the former husband in connection with this appeal (see 22 NYCRR 130-1.1).
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court