Matter of Leathers v Smalls (2021 NY Slip Op 08233)





Matter of Leathers v Smalls


2021 NY Slip Op 08233


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2020-03772
2020-03773
 (Docket No. F-594-17/19G)

[*1]In the Matter of Regina Leathers, respondent,
v
Robert A. Smalls, Sr., appellant.


Dean M. Solomon, Mamaroneck, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Rachel Hahn, J.), entered April 16, 2020, and (2) an order of the same court entered May 7, 2020. The order entered April 16, 2020, denied the father's objections to an order of the same court (Keri A. Fiore, S.M.) entered January 14, 2020, which, after a hearing, inter alia, determined that the father willfully violated a prior order of child support and directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $16,205.67. The order entered May 7, 2020, confirmed the Support Magistrate's determination that the father willfully violated the prior order of child support and committed the father to the weekend custody of Westchester County Jail for a period of one month unless he paid the purge amount of $6,552.
ORDERED that the appeal from so much of the order entered May 7, 2020, as committed the father to the weekend custody of the Westchester County Jail for a period of one month is dismissed, without costs or disbursements; and it is further,
ORDERED that the order entered April 16, 2020, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order entered May 7, 2020, is affirmed insofar as reviewed, without costs or disbursements.
The father and the mother have one child together. In an order entered November 9, 2018 (hereinafter the child support order), the Family Court directed the father to pay the mother child support in the monthly amount of $504. Thereafter, in September 2019, the mother filed a petition alleging that the father was in willful violation of the child support order. Following a hearing, the Support Magistrate issued an order entered January 14, 2020, inter alia, determining that the father willfully violated the child support order and directing the entry of a money judgment in favor of the mother and against the father in the principal sum of $16,205.67 for child support arrears. The Support Magistrate found, among other things, that the father failed to prove that a back condition prevented him from finding and maintaining gainful employment.
Thereafter, in an order entered April 16, 2020, the Family Court denied the father's objections to the Support Magistrate's order. Subsequently, in an order entered May 7, 2020, the [*2]court confirmed the Support Magistrate's determination that the father willfully violated the child support order and committed the father to the weekend custody of the Westchester County Jail for a period of one month unless he paid the purge amount of $6,552. The father appeals from the order entered April 16, 2020, and the order entered May 7, 2020.
Although the appeal from so much of the order entered May 7, 2020, as directed that the father be incarcerated must be dismissed as academic, the appeal from so much of the order as confirmed the determination that the father was in willful violation of his support obligations is not academic in light of the enduring consequences which could flow from the determination that he violated his support obligations (see Matter of Palombelli v Guglielmo, 187 AD3d 1020, 1021; Matter of Brooks v Brooks, 163 AD3d 554).
Under New York law, an individual charged with the support of a child is presumed to have sufficient means to support the child, and failure to pay support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Jarrett v Mosslih, 34 AD3d 808, 809). Upon this showing, the burden shifts to the individual directed to make the required payments to offer "some competent, credible evidence of his [or her] inability to make the required payments" (Matter of Reinninger v Campbell, 47 AD3d 635, 635; see Matter of Powers v Powers, 86 NY2d 63, 68).
Here, the mother presented evidence, and the father conceded, that he failed to pay child support as ordered, which constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Jarrett v Mosslih, 34 AD3d at 809). Thus, the burden shifted to the father to offer competent, credible evidence of his inability to make the required payments (see Matter of Atkinson v Atkinson, 181 AD3d 590, 591; Matter of Brewster v Davidson, 173 AD3d 1176, 1177; Matter of Stoll v Stoll, 132 AD3d 1004, 1005). The father failed to sustain his burden because, as the Family Court correctly determined, his medical records did not establish that his back condition affected his ability to work, as required (see Matter of Hwang v Tam, 158 AD3d 1216, 1217; Matter of Lewis v Cross, 72 AD3d 1228; see generally Matter of Mandile v Deshotel, 166 AD3d 1511). Thus, the father failed to offer competent, credible evidence of his inability to make the required payments, and the Family Court properly confirmed the Support Magistrate's determination that the father willfully violated the child support order (see Matter of Reinninger v Campbell, 47 AD3d at 635).
The Family Court also properly denied the father's objection to the Support Magistrate's determination as to the amount of the child support arrears. The father failed to present evidence to show that his back condition prevented him from working in some capacity. As such, the child support arrears cap pursuant to Family Court Act § 413(1)(g) did not apply here (see Matter of Briggs v McKinney-Mays, 141 AD3d 648, 649).
The father's remaining contentions are without merit.
Accordingly, the Family Court properly denied the father's objections and confirmed the Support Magistrate's determination that the father was in willful violation of the child support order.
MASTRO, A.P.J., MILLER, DUFFY and, BRATHWAITE NELSON JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court