Matter of Ellis v Wiley (2026 NY Slip Op 01059)

Matter of Ellis v Wiley

2026 NY Slip Op 01059

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2025-00237
 (Docket No. U-6409-24/24A)

[*1]In the Matter of Iesha Ellis, respondent-appellant,
vJohnny W. Wiley, appellant-respondent.

N. Scott Banks, Hempstead, NY (Tammy Feman and Gregory R. Springsted of counsel), for appellant-respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals, and the mother cross-appeals, from an order of commitment of the Family Court, Nassau County (Joy M. Watson, J.), dated December 11, 2024. The order of commitment, in effect, confirmed so much of an order of disposition of the same court (Nadine J. Satterthwaite, S.M.) dated November 19, 2024, made after a hearing, as found that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Jail for a period of 60 days unless he paid a purge amount of $50,000.
ORDERED that the cross-appeal is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Jail for a period of 60 days unless he paid the purge amount of $50,000 is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Melendez v Osborne, 236 AD3d 658); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed on the appeal by the father, without costs or disbursements.
The father and the mother have one child together. The mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of a prior child support order. In an order of disposition dated November 19, 2024, made after a hearing, the Support Magistrate, inter alia, found that the father willfully violated the child support order. In an order of commitment dated December 11, 2024, the Family Court, in effect, confirmed so much of the order of disposition as found that the father willfully violated the child support order, and committed the father to the custody of the Nassau County Jail for a period of 60 days unless he paid a purge amount of $50,000. The father appeals.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Jail for a period of 60 days unless he paid the purge amount must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father willfully violated the child support order is not academic in light of the enduring consequences that could flow from the determination that he violated his [*2]support obligations (see Matter of Melendez v Osborne, 236 AD3d 658, 660; Matter of Leathers v Smalls, 192 AD3d 892).
Pursuant to Family Court Act § 454(3)(a), a "failure to pay support as ordered itself constitutes 'prima facie evidence of a willful violation'" (Matter of Powers v Powers, 86 NY2d 63, 69, quoting Family Ct Act § 454[3][a]; see Matter of Kimbrough v Murphy, 156 AD3d 640, 641). "Once a prima facie showing of willfulness has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to [make the required payments]" (Matter of Rafferty v Ettinger, 150 AD3d 1016, 1016; see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Kimbrough v Murphy, 156 AD3d at 641).
Here, the mother established, prima facie, the father's willful violation of the child support order by submitting evidence that the father had paid only $700 in child support, had not paid child support for more than eight years, and owed the sum of $129,416 in child support arrears. Thus, the burden shifted to the father to offer competent, credible evidence of his inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Kimbrough v Murphy, 156 AD3d at 641; Matter of Rafferty v Ettinger, 150 AD3d at 1016). The father failed to satisfy his burden because, as the Support Magistrate correctly determined, his medical records did not establish that his medical conditions affected his ability to work, as required (see Matter of Leathers v Smalls, 192 AD3d at 894). Thus, the father failed to offer competent, credible evidence of his inability to make the required payments, and the Family Court properly, in effect, confirmed the Support Magistrate's determination that the father willfully violated the child support order (see id.).
The father's contention that he was deprived of a fair hearing due to the Support Magistrate's prejudice or bias against him is unpreserved for appellate review (see Matter of Esposito v Rosa, 172 AD3d 858, 858-859; Matter of Berg v Berg, 166 AD3d 763, 765). In any event, although some of the Support Magistrate's comments would have been better left unsaid, and although the Support Magistrate actively participated in questioning witnesses at the hearing, such conduct did not unjustly affect the result of the proceedings (see Matter of Ahnna N. [Rosa N.], 240 AD3d 964, 968; Matter of Yehudah v Yehudah, 144 AD3d 1046, 1047; Matter of Bowe v Bowe, 124 AD3d 645, 646).
The father's remaining contentions either are not properly before this Court, are without merit, or do not warrant reversal.
DILLON, J.P., BRATHWAITE NELSON, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court